Ray K. Shahani, Esq. State Bar No. 160,814
Attorney at Law
Twin Oaks Office Plaza
477 Ninth Avenue, Suite 112
San Mateo, California 94402-1854
Telephone: (650) 348-1444
Facsimile: (650) 348-8655

Attorney for Plaintiff
NATURAL WELLNESS CENTERS
OF AMERICA, INC.

ORIGINAL FILED
SEP 19 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NATURAL WELLNESS CENTERS OF AMERICA, INC., a California Corporation dba NATURAL WELLNESS CENTERS OF AMERICA and NATURALWELLNESS.COM

Plaintiff,

vs.

J.R. ANDORIN, INC., a New York Corporation d/b/a NATURAL WELLNESS and d/b/a/ NATURAL-WELLNESS.COM and d/b/a/ NATURALWELLNESSONLINE.COM, NATWELL, INC., a New York Corporation, and DOES 1-10

Defendants.

Case No: CV 11 4642 EDL

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:
1. Federal Common Law Trademark Infringement and Unfair Competition;
2. Cyberpiracy; and
3. California Unfair Competition

Demand for Jury Trial

Plaintiff NATURAL WELLNESS CENTERS OF AMERICA, INC., a California Corporation dba www.NATURALWE.LLNESS.com (hereafter "NWC") for their complaint against J.R. ANDORIN, INC., a New York Corporation d/b/a NATURAL WELLNESS and d/b/a NATURAL-WELLNESS.COM and d/b/a NATURALWELLNESSONLINE.COM (all hereafter "ANDORIN"), NATWELL, INC., a New York Corporation (hereafter "NATWELL"), and DOES 1-10, alleges as follows:

### Nature of this Action

1. This is an action to redress violations of the Federal trademark infringement under

15 U.S.C. §1114, et seq., Federal laws of common law trademark and unfair competition, 15 U.S.C. §1125(a) et seq., as amended, and California state law of unfair competition, Cal. Bus. & Prof. Code §17200 et seq., as a result of willful and unauthorized use by ANDORIN and NATWELL of NWC's common law trademarks including but not limited to NATURALWELLNESS.COM and NATURAL WELLNESS CENTERS OF AMERICA (hereafter "the COMMON LAW TRADEMARKS"), improper efforts to assume possession and control over at least one of NWC's COMMON LAW TRADEMARKS, and general unfair business practice, as more fully set forth hereinafter. Plaintiff NWC seeks declaratory relief declaring that NWC does not infringe ANDORIN's registered trademark "NATURAL WELLNESS" and further declaring that said registration belonging to ANDORIN is invalid and unenforceable and not infringed by Plaintiff. Plaintiff further seeks injunctive relief restraining infringement by ANDORIN and NATWELL of NWC's COMMON LAW TRADEMARKS and restraining other unfair business practices by ANDORIN and NATWELL. NWC seeks damages as the direct and proximate result thereof, and related relief. Unless ANDORIN's and NATWELL's use of NWC's COMMON LAW TRADEMARKS is stopped, and unless this Court declares that the registered trademarks owned by ANDORIN and NATWELL are not only not infringed by Plaintiff but are also invalid and unenforceable, the damage to Plaintiff NWC will be irreparable.

Plaintiff, for its claims against Defendants, further alleges the following:

## Jurisdiction and Venue

2. This Court's jurisdiction derives from the fact that this is an action brought under the Trademark Laws of the United States, 15 U.S.C. §1125(a) et seq., as amended, and 15 U.S.C. § 1114 et seq., This Court also has subject matter jurisdiction over this Claim pursuant to 28 U.S.C. §§ 1331, 1338, 1367, because this is an action which involves claims arising under the U.S. trademark laws, other federal laws, as well as related state claims for unfair competition, and the theory of pendent jurisdiction.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) in that Defendants, and each of them, is subject to personal jurisdiction in this district and this is the

Complaint For Trademark Infringement, etc.
NWC v. ANDORIN et al.

Page 2 of 17
Complaint 091911-2.wpd

district in which acts of trademark infringement and unfair competition were committed. Venue is also proper because Defendant's services and related products are available in California and over the internet and sold within the Northern District of California regularly and on a systematic basis.

### Intradistrict Assignment

4. Assignment on a district-wide basis is appropriate under Civil Local Rule3-2(c) because this is an Intellectual Property Action.

### The Parties

5. Plaintiff NATURAL WELLNESS CENTER OF AMERICA, INC. is a California corporation, having a business address at 27071 Cabot Road, Suite 121, Laguna Hills, California. Since and around 1995 or earlier, NWC and its predecessor has been engaged in the business of manufacturing, distributing, marketing and selling a range of nutritional supplements. Since around 2002, NWC has been distributing, marketing and selling a range of probiotics based PRO-BIOTICS PLUS nutritional supplements through its website naturalwellness.com, probioticsplus12.com, and/or other retail and wholesale channels.

6. Defendant J.R. ANDORIN, INC., a New York Corporation dba NATURAL WELLNESS and dba www.NATURAL-WELLNESS.com (hereafter "ANDORIN") is a New York corporation, having a principal business address at 2331 State Rt. 17K, Montgomery, NY. ANDORINI is in the business of marketing and selling lifestyle-related educational materials in the form of CDs and DVDs by mail-order and through its online store.

7. Defendant NATWELL, INC., a New York Corporation (hereafter "NATWELL") is a New York corporation, having a principal business address at 115 Dunthorne Drive, Bloomingburg, New York. NATWELL is the assignee and/or trademark licensee of part of ANDORIN's registered trademark number 3,663,242, i.e., International Class 44 (US CLS. 100 and 101), and as such, is trademark licensee, agent and or in partnership with ANDORIN.

### Allegations Common To All Counts

ANDORIN'S REGISTERED TRADEMARKS

8. On June 11, 1996, ANDORIN filed a trademark application in the US Patent and

Complaint For Trademark Infringement, etc.  
NWC v. ANDORIN et al.

Page 3 of 17  
Complaint 091911-2.wpd

Trademark Office for the mark "NATURAL WELLNESS". On September 2, 1996, the mark was placed on the Supplemental Register as Registration Number 2,026,211 in the following classes and for the following categories of goods and/or services:

> Internatioal Class 009 (US 021 023 026 036 038), prerecorded educational videos, laser disks, audio cassettes, CDs, and computer software all having the subject matter of holistic health, integrative medicine, nutritional supplements, alternative healing, personal and professional growth and development, personal wellness, spiritual and religious issues, psychological counseling, family well-being, education and home-schooling issues, lifestyle issues, and healthy foods;
>
> International Class 041 (US 100 101 107), entertainment in the nature of a series of television programs dealing with holistic health, integrative medicine, nutritional supplements, alternative healing, personal and professional growth and development, personal wellness, spiritual and religious issues, psychological counseling, family well-being, education and home-schooling issues, lifestyle issues, and healthy foods; educational services, namely, conducting workshops, training sessions, seminars and teaching classes in the subject of holistic health, integrative medicine, alternative healing, personal and professional growth and development, personal wellness, spiritual and religious issues, psychological counseling, family well-being, education and home-schooling issues, lifestyle issues, and healthy foods, and distributing printed materials and prerecorded multimedia materials in connection therewith; and
>
> International Class 042 (US 100 101), retail store services featuring and mail order catalog services featuring audio and video prerecorded cassettes, CDs, laser disks, computer software, books, booklets, newsletters, magazines, all having the subject matter of holistic health, integrative medicine, nutritional supplements, alternative healing, personal and professional growth and development, personal wellness, spiritual and religious issues, psychological counseling, family well-being, education and home-schooling issues, lifestyle issues, and healthy foods; homeopathic remedies, vitamin and mineral nutritional supplements, herbs and herbal preparations, sea or land plants, essences and extracts, and natural and synthesized substances for medicinal, hygienic and beauty care purposes, home decorating accessories, household products, educational games and playthings; the rendering of massage, physical therapy, hypnotherapy, alternative medicine counseling, and psychological counseling services; weekend health spa services; juice bar services and healthy food restaurant services.

ANDORIN alleged the date of first use as well as the date of first use in commerce of June 10, 1996 for its trademark in all three classes. See Exhibit 1.

        9.        On November 13, 2006, over 10 years later, ANDORIN filed a second trademark application in the US Patent and Trademark Office for the mark "NATURAL WELLNESS". On January 1, 2008, the mark was placed on the Principal Register as Registration Number 3,361,368 in the following classes and for the following categories of goods and/or services:

> International Class 009 (US 021 023 026 036 038), prerecorded educational videos, laser disks, audio cassettes, CDs, and computer software all

Complaint For Trademark Infringement, etc.  
NWC v. ANDORIN et al.

Page 4 of 17  
Complaint 091911-2.wpd

having the subject matter of holistic health, integrative medicine, nutritional supplements, alternative healing, personal and professional growth and development, personal wellness, spiritual and religious issues, psychological counseling, family well-being, education and home-schooling issues, lifestyle issues, and healthy foods;

International Class 035 (US 100 101 102), retail store services featuring and mail order catalog services featuring audio and video prerecorded cassettes, CDs, laser disks, computer software, books, booklets, newsletters, magazines, all having the subject matter of holistic health, integrative medicine, nutritional supplements, alternative healing, personal and professional growth and development, personal wellness, spiritual and religious issues, psychological counseling, family well-being, education and home-schooling issues, lifestyle issues, and healthy foods, homeopathic remedies, vitamin and mineral nutritional supplements, herbs and herbal preparations, sea or land plants essences and extracts, and natural and synthesized substances for medicinal, hygienic and beauty care purposes, home decorating accessories, household products, educational games and playthings; and

International Class 041 (US 100 101 107), entertainment in the nature of a series of television programs dealing with holistic health, integrative medicine, nutritional supplements, alternative healing, personal and professional growth and development, personal wellness, spiritual and religious issues, psychological counseling, family well-being, education and home-schooling issues, lifestyle issues, and healthy foods; educational services, namely conducting workshops, training sessions, seminars and teaching classes in the subject of holistic health, integrative medicine, alternative healing, personal and professional growth and development, personal wellness, spiritual and religious issues, psychological counseling, family well-being, education and home- schooling issues, lifestyle issues, and healthy foods, and distributing printed materials and prerecorded multimedia materials in connection therewith.

International Class 044 (US 100 101), the rendering of massage services; physical therapy; hypnotherapy; natural health counseling on therapies such as vitamins, minerals, nutritional supplements, non-conventional medicine regarding massage and bodywork treatments, oriental medicine, biofeedback, meditation and visualization; psychological counseling services; health spa services for health and wellness of the body and spirit offered at health resort.

Again, ANDORIN alleged the date of first use as well as the date of first use in commerce of June 10, 1996 for its trademark in all three classes. See Exhibit 2.

10. On June 25, 2009, ANDORIN filed a Section 7 "Request for Amendment or Correction of Registration Certificate" to a partial assignment of Class 44 of the '368 trademark registration to NATWELL with US Patent and Trademark Office for the mark "NATURAL WELLNESS". On August 25, 2009, the mark was placed on the Principal Register as Registration Number 3,662,242 in the following class and for the following categories of goods and/or services:

International Class 044 (US 100 101), the rendering of massage services; physical therapy; hypnotherapy; natural health counseling on therapies such as vitamins, minerals, nutritional supplements, non-conventional medicine regarding massage and bodywork treatments, oriental medicine, biofeedback, meditation and visualization; psychological counseling services; health spa services for health and wellness of the body and spirit offered at health resort.

See Exhibit 3.

11. All three registered trademarks number 2,026,211, number 3,361,368 and number 3,662,242 (collectively known hereafter as the "Registered Trademarks") are currently live.

## NWC'S COMMON LAW TRADEMARKS

12. On Sep. 15, 1999, over three years after ANDORIN claims it began use of its trademark for sales of prerecorded audio and video disks and CDs, and related retail and entertainment services, NWC's predecessor in interest TEAM-CFS, INC. registered the domain name NATURALWELLNESS.com and started promoting and selling nutritional and health supplements products online. See Exhibit 4.

13. At that time in 1999, there were no other websites online or on the internet selling health or nutritional supplements using the name or words NATURAL and WELLNESS in its domain name.

14. Sales of product over the internet via the website located at NATURALWELLNESS.com date to January 15, 2000, or earlier. See Exhibit 5.

15. On February 2, 2000, Team-CFS, Inc. filed a trademark application for the combination design plus words mark NWC NATURAL WELLNESS CENTERS OF AMERICA which Team-CFS, Inc. had started using as early as January 1, 2000. See Exhibit 6.

16. On July 31, 2000, NATURAL WELLNESS CENTERS OF AMERICA, INC. was incorporated in the State of California, and the former corporation TEAM-CFS, INC. was merged into NWC.

17. NWC, has continuously promoted and sold nutritional and health supplements as "NATURAL WELLNESS CENTERS OF AMERICA, INC." over the internet through its website located at www.NATURALWELLNESS.com" since then. Since 2000, NWCA has sold

Complaint For Trademark Infringement, etc.  
NWC v. ANDORIN et al.

Page 6 of 17  
Complaint 091911-2.wpd

its products in all 50 U.S. states and in over 19 foreign countries. To date, gross sales of product by Respondent in the United States have exceeded four and a half million dollars. See Exhibit 7.

18. On August 25, 2011, NWC filed trademark application Serial No. 85/407,803 for the trademark NATURALWELLNESS.com for online retail sales services in interstate commerce since at least as early as January 15, 2000. See Exhibit 8.

19. On August 25, 2011, NWC filed trademark application Serial No. 85/407,747 for the trademark NATURAL WELLNESS CENTERS OF AMERICA for sales of health supplements, and personal care products in interstate commerce since at least as early as January 1, 2000. See Exhibit 9.

20. The COMMON LAW TRADEMARKS of NWC, i.e. NATURALWELLNESS.COM and NATURAL WELLNESS CENTERS OF AMERICA, are inherently distinctive and have acquired distinctiveness through continuous and widespread use of the marks in the U.S. and worldwide.

21. Genuine NWC products are sold exclusively by NWC in the U.S., Canada and world wide through authorized dealers, retail stores and their website.

## GENERAL ALLEGATIONS

22. On August 7, 1996, ANDORIN registered the domain name NATURAL-WELLNESS.COM, although at the time numerous other variations of the domain name were available.

23. May 23, 1998 is the date of the earliest screenshot archived on internet website archive The Way Back Machine located at www.ARCHIVE.ORG, associated with the website www.NATURAL-WELLNESS.com. The date of the web capture is clearly visible at the top of the downloaded document in the time line. As of May 23, 1998, the website NATURAL-WELLNESS.com did not list or sell any supplements. They only sold software, audio, books and so forth, as identified in Complainant's trademark. The same can be seen on screen shots dated Dec. 12, 1998, Dec. 4, 2000, May 20, 2000, and March 8, 2001. See Exhibit 10.

24. On other screen shots dated Oct. 18, 2000, Dec. 9, 2000, and April 5, 2001 taken from the website NATURALWELLNESS.COM, one can see that NWCA was marketing and

selling supplements online. See Exhibit 11.

25. January 19, 2002 is the first time The Way Back Machine shows ANDORIN selling any supplements online or anywhere. See Exhibit 12.

26. On March 20, 2002, ANDORIN registered its domain name NATURALWELLNESSONLINE.com for sales and marketing of health supplements online.

27. NWC first became aware of ANDORIN in 2006 by receipt of what appeared to be personal email originally intended for an employee of ANDORIN. The sender sent the email to NWC realizing that they were not ANDORIN, but nevertheless hoping and believing NWC might be able to assist in contacting the employee at ANDORIN. At the time, NWC had never heard of ANDORIN or ANDORIN's website located at www.NATURAL-WELLNESS.com. After attempting to forward the email to ANDORIN as a professional courtesy, NWCA never received any communication directly from ANDORIN again until July 18, 2011, some 5 years later.

28. On July 18, 2011, ANDORIN filed a COMPLAINT with the National Arbitration Forum pursuant to the Domain Name Dispute Resolution Policy adopted by the Internet Corporation for Assigned Names and Numbers ("ICANN") on October 24, 1999 seeking transfer of the domain name registration NATURALWELLNESS.com to ANDORIN. See Exhibit 13.

29. On August 29, 2011, NWC filed its RESPONSE. See Exhibit 14.

30. On September 2, 2011, ANDORIN filed its ADDITIONAL SUBMISSION. See Exhibit 15.

31. On September 7, 2011, NWC filed its RESPONDENT'S FIRST ADDITIONAL SUBMISSION. See Exhibit 16.

32. On September 13, 2011, National Arbitration Forum Panelist Dr. Katalin Szamosi issued her decision that ANDORIN "failed to establish all three elements required under the ICANN Policy". Accordingly, it was ordered that the subject domain name shall remain with NWC. See Exhibit 17.

33. Despite having been served with the DECISION rendered by Dr. Szamosi on September 13, 2011, ANDORIN continues to display and offer for sale unauthorized health

supplements over their internet websites.

34. ANDORIN is continuing and likely to expand unauthorized use of NWC's COMMON LAW TRADEMARKS through use of its internet websites, and unless restrained by this Court, will continue to unfairly compete with NWC by displaying, marketing and selling INFRINGING PRODUCTS.

## FIRST CAUSE OF ACTION

**Federal Common Law Trademark Infringement and Unfair Competition Under 15 U.S.C. § 1125(a)**

35. Plaintiff repeats each and every allegation set forth in paragraphs 1 through 34 above.

36. The NWC COMMON LAW TRADEMARKS, as described above, have been extensively used, advertised, and promoted through the United States and the world in connection with NWC's health supplement products as identified above (hereafter the "INFRINGED PRODUCTS").

37. NWC's COMMON LAW TRADEMARKS are inherently distinctive. As a result of NWC's use, advertisement and promotion of NWC's COMMON LAW TRADEMARKS, the trademarks have become well and favorably known throughout the United States and the world as identifying NWC and its INFRINGED PRODUCTS. NWC has developed exceedingly valuable goodwill with respect to its COMMON LAW TRADEMARKS.

38. ANDORIN has knowingly, willfully and intentionally created, imported, advertised, promoted, displayed, offered for sale and/or sold health and nutritional supplement products bearing identical, nearly identical and/or confusingly similar copies of NWC's COMMON LAW TRADEMARKS, including without limitation NATURALWELLNESS.COM and NATURAL WELLNESS CENTERS OF AMERICA trademarks (hereafter the "INFRINGING PRODUCTS").

39. ANDORIN has knowingly, willfully and intentionally created, imported, advertised, promoted, displayed, offered for sale and/or sold the INFRINGING PRODUCTS online and on the internet at their websites www.NATURAL-WELLNESS.com and

Complaint For Trademark Infringement, etc.
NWC v. ANDORIN et al.

Page 9 of 17
Complaint 091911-2.wpd

www.NATURALWELLNESSONLINE.com and http://SHOP.NATURALWELLNESSONLINE.com/ websites (hereafter the "INFRINGING WEBSITES").

40. ANDORIN's use of NWC's COMMON LAW TRADEMARKS on the INFRINGING PRODUCTS and INFRINGING WEBSITES has caused confusion in the market and is likely to cause further confusion amongst members of the relevant public and trade, i.e., to believe that ANDORIN"s products are provided by or in affiliation with or under the sponsorship or approval of NWC.

41. ANDORIN willfully selected, adopted and/or used the COMMON LAW TRADEMARKS on their INFRINGING PRODUCTS and INFRINGING WEBSITES with knowledge of NWC's valuable goodwill and business reputation associated therewith, and with intent to confuse, mislead, and deceive the public into believing the INFRINGING PRODUCTS and INFRINGING WEBSITES come from or are owned by NWC or are in some manner associated with, approved, sponsored or endorsed by NWC.

42. The confusion, mistake or deception referred to above arises out of acts alleged above which constitute common law trademark infringement and false designation of origin as that phrase is used in 15 U.S.C §1125 (a).

43. Unless restrained by this Court, ANDORIN will continue to infringe NWC's COMMON LAW TRADEMARKS on ANDORIN's INFRINGING PRODUCTS and INFRINGING WEBSITES..

44. By its wrongful acts, ANDORIN, unless restrained by this Court, will cause serious and irreparable harm to NWC.

45. NWC has no adequate remedy at law.

## SECOND CAUSE OF ACTION

### Cyberpiracy
### Under Trademark Act Section 2(a), 15 U.S.C §1125 (c)

46. NWC restates and reavers the allegations of paragraphs 1 through 45, inclusive.

47. ANDORIN has a bad faith intent to profit from the COMMON LAW

TRADEMARKS of NWC.

48. ANDORIN's bad faith is evidenced by the following:

- ANDORIN has no rights in the domain name NATURALWELLNESS.COM, as clearly stated in the ICANN UDRP decision by trademark attorney and internet law specialist Panelist Katalin Szamosi dated September 13, 2011.
- There is no evidence ANDORIN sold supplements over the internet prior to 2002, whereas NWC was in business selling supplements over the internet as early as January 1, 2000, or earlier.
- ANDORIN only registered its confusingly similar domain name NATURALWELLNESSONLINE.COM, an INFRINGING WEBSITE, on March 20, 2002.
- ANDORIN's diversion of consumers from NWC's website to their own websites is evidence of its intent to harm the goodwill in the mark created by NWC for not only commercial gain but with the intent to tarnish and disparage NWC by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site NATURALWELLNESSONLINE.COM.
- ANDORIN's registration or acquisition of multiple domain names which ANDORIN knows are identical or confusingly similar to NWC's COMMON LAW TRADEMARKS, without regard to the INFRINGED PRODUCTS of NWC.
- ANDORIN's registered trademark "NATURAL WELLNESS" incorporated in the INFRINGING WEBSITES domain name registrations did not qualify for placement on the Principal Register at the time it was registered because it was deemed "descriptive". During prosecution of the trademark application, the examining attorney found references on the internet to a number of goods and services identified as "NATURAL WELLNESS", including but not limited to homeopathic and herbal remedies and health and nutritional supplements.
- ANDORIN's registered trademark "NATURAL WELLNESS" could not have

Complaint For Trademark Infringement, etc.  
NWC v. ANDORIN et al.

Page 11 of 17  
Complaint 091911-2.wpd

been considered distinctive and famous within the meaning of subsection (c).

- ANDORIN's ICANN UDRP Complaint was filed with the intent to interfere with NWC's COMMON LAW TRADEMARKS and sales of INFRINGED PRODUCTS over the internet.

49. ANDORIN's use of the INFRINGED TRADEMARKS in a fashion that has in the past caused confusion and in the future is likely to cause confusion, mistake or deception among customers and potential customers of Plaintiff NWC as to the source or origin of the INFRINGING PRODUCTS offered by ANDORIN.

50. The acts alleged above constitute cyberpiracy as that phrase is used in 15 U.S.C §1125 (c).

51. NWC has no adequate remedy at law.

## THIRD CAUSE OF ACTION

### California Unfair Competition
### Under Cal. Bus. & Prof. Code § 17200 *et seq.*

52. NWC restates and reavers the allegations of paragraphs 1 through 51, inclusive.

53. With knowledge of NWC's uses and with knowledge of NWC's rights in NWC's COMMON LAW TRADEMARKS, ANDORIN willfully and knowingly has engaged in acts and continues to engage in acts that unfairly compete with NWC. ANDORIN's sales of INFRINGING PRODUCTS and use of the INFRINGING WEBSITES are in a manner that creates and is likely to create public confusion with NWC's well-known COMMON LAW TRADEMARKS. ANDORIN has gone into business competing directly, head-on with NWC.

54. Facts that support a finding of unfair competition include, but are not limited to, the following:

- ANDORIN first obtained its website NATURAL-WELLNESS.COM for sales and marketing of CDs and DVDs related to lifestyle;
- ANDORIN subsequently obtained a trademark registration on the Supplemental Register for NATURAL WELLNESS since the mark was ineligible for protection on the Principal Register due to the fact that the tem was considered "descriptive",

Complaint For Trademark Infringement, etc.
NWC v. ANDORIN et al.

Page 12 of 17
Complaint 091911-2.wpd

i.e., prior vendors of health supplements marketed under the term "NATURAL WELLNESS" were found online at the time.

- ANDORIN voluntarily failed to exercise its rights to register the domain name NATURALWELLNES.COM for at least 3 years after it first began doing business as NATURAL WELLNESS;
- ANDORIN didn't start to sell health supplements, i.e., INFRINGING PRODUCTS, on its websites until at least 2002;
- ANDORIN's use of its INFRINGING WEBSITES since 2002 to sell INFRINGING PRODUCTS infringes NWC's common law trademark rights.
- For over 12 years now, ANDORIN has known or should have known of NWC's domain name registration NATURALWELLNESS.COM, i.e., since at least as early as August 7, 1999.
- For over 11 years now, ANDORIN has known or should have known of NWC's sales of INFRINGED PRODUCTS on the internet over its website NATURALWELLNESS.COM, i.e., since at least as early as January 1, 2000.
- For the past 6 years, ANDORIN has known about NWC, having received notice by NWC directly that its INFRINGING PRODUCTS were causing confusion in the market lace at least as early as 2006.
- Dr. John Taylor, President of NWC, personally gave ANDORIN actual and constructive notice of NWC's COMMON LAW TRADEMARKS at least as early as 2006, yet ANDORIN failed to remediate the damage caused.
- For over 12 years prior to filing its ICANN UDRP Complaint,, ANDORIN failed to meet and confer in good faith with NWC regarding ANDORIN's junior use of the name NATURAL WELLNESS in association with sales of INFRINGED PRODUCTS, i.e., health supplements.

55. ANDORIN's above-averred actions constitute unlawful, unfair, and fraudulent business practices and unfair, deceptive, misleading, and false advertising in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

Complaint For Trademark Infringement, etc.
NWC v. ANDORIN et al.

Page 13 of 17
Complaint 091911-2.wpd

1      56.    By its wrongful acts, ANDORIN, unless restrained by this Court, will cause
2 serious and irreparable harm to NWC.
3      57.    NWC has no adequate remedy at law.
4      58.    NWC reserves the right to amend the facts and allegations of these pleadings as
5 necessary and as indicated by the facts as revealed to Plaintiff through discovery and as permitted
6 by FRCP, the laws of this State and the United States, and as allowed under the notions of fair
7 play and substantial justice.

## PRAYER

Wherefore Plaintiff NWC hereby respectfully demands judgment as follows:

1.     Injunctive relief temporarily and permanently enjoining Defendants ANDORIN and NATWELL, their agents, directors, officers, servants, owners, shareholders and employees, and all those in privity with the named Defendants from using the COMMON LAW TRADEMARKS, i.e., NATURALWELLNESS.COM or NATURAL WELLNESS CENTERS OF AMERICA or any variant of either and in any manner, directly or indirectly, and from marketing, advertising, labeling, and promoting INFRINGING PRODUCTS, i.e., health or nutritional supplements and dietary supplements, or similar or related goods or services, and from engaging in unfair competition against Plaintiff NWC and from defaming Plaintiff NWC in connection with marketing, advertising, labeling, promoting probiotics, enzymes, nutritional supplements, dietary supplements, or similar or related goods or services, during the pendency of this action and after forever permanently in perpetuity.

2.     Declaratory relief in the form of an Order of the Court ordering, *inter alia*, (i) that ANDORIN's registered trademarks numbers 2026211 and 336168 and NATWELL's registered trademark number 3,662,242 are invalid and enforceable for any and all classes of goods and services effective immediately and as against Plaintiff NWC as well as any and all third parties , (ii) that Plaintiff NWC has not infringed Defendants ANDORIN's registered trademarks numbers 2026211 and 336168 and NATWELL's registered trademark number 3,662,242 and therefore has no liability to ANDORIN and NATWELL for trademark infringement, (iii) that ANDORIN shall reimburse NWC the amount of $25,000 for filing its

frivolous ICANN UDRP proceeding, in addition to other amounts prayed for herein.

2. Ordering an accounting of the gains and profits realized by Defendants ANDORIN and NATWELL from all the aforementioned wrongful acts including but not limited to sales of INFRINGING PRODUCTS via the INFRINGING WEBSITES and/or any other use of the COMMON LAW TRADEMARKS, i.e., NATURALWELLNESS.COM or NATURAL WELLNESS CENTERS OF AMERICA or any variant of either in any manner, directly or indirectly;

3. Requiring Defendants ANDORIN and NATWELL to cause to be destroyed any material in its possession bearing a reproduction or colorable imitation of the COMMON LAW TRADEMARKS, i.e., NATURALWELLNESS.COM or NATURAL WELLNESS CENTERS OF AMERICA, or any variant of either in any manner, directly or indirectly, including without limitation: signs, brochures, packages, wrappers, advertisements, flyers, testimonials, labels, invoices, fax cover sheets, computer files, electronic data, computers and computer servers, digital storage media, floppy disks, CDs, DVDs, and any other printed material and internet websites.

4. Requiring Defendants ANDORIN and NATWELL to cease and desist engaging in any competing business with Plaintiff NWC by selling and marketing any INFRINGING PRODUCTS, i.e., health and nutritional supplements, over the INFRINGING WEBSITES or other websites.

5. Awarding Plaintiff NWC punitive damages from the Defendants ANDORIN and NATWELL to punish Defendants for its willful and reckless indifference to the rights of others as exemplified by its willful sales and marketing of INFRINGING PRODUCTS, i.e., health supplements, over the internet via its INFRINGING WEBSITES, acts of cyberpiracy and for unfair competition with Plaintiff NWC.

6. Ordering Defendants ANDORIN and NATWELL, under 15 U.S.C. § 1116, to file with the Court and serve on Plaintiff NWC and its attorney(s) of record a report in writing under oath setting forth in detail the manner and form in which Defendant ANDORIN and NATWELL have complied with the terms of the judgment, and injunction.

Complaint For Trademark Infringement, etc.
NWC v. ANDORIN et al.
Page 15 of 17
Complaint 091911-2.wpd

7. For damages sufficient to compensate Plaintiff NWC for trademark infringement in excess of $1,000,000.00, or other as the Court may deem just and proper.

8. For damages for lost business profits, if any, and other costs to rehabilitate and reinstate the reputation and fame of NWC's COMMON LAW TRADEMARKS, i.e., NATURALWELLNESS.COM and NATURAL WELLNESS CENTERS OF AMERICA..

9. Defendant ANDORIN to transfer ownership of domain name NATURALWELLNESSONLINE.COM to Plaintiff.

10. For treble damages and for an award of special damages based upon intentional trademark infringement.

11. For costs and reasonable attorney fees of the subject litigation and interest as allowable by law, including but not limited to pursuant to 17 U.S.C. § 505.

12. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

RAY K. SHAHANI
ATTORNEY AT LAW

Dated: September 19, 2011      By: _____
                                Ray K. Shahani, Esq.
                                **Attorney for Plaintiff**

\* \* \*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial of all issues in the above-captioned action which are triable to a jury.

RAY K. SHAHANI
ATTORNEY AT LAW

Dated: September 19, 2011      By: _____
                                Ray K. Shahani, Esq.
                                **Attorney for Plaintiff**

///

Complaint For Trademark Infringement, etc.
NWC v. ANDORIN et al.

Page 16 of 17
Complaint 091911-2.wpd

## CERTIFICATION RE INTERESTED PARTIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

RAY K. SHAHANI
ATTORNEY AT LAW

Dated: September 19, 2011            By:  _____
                                          Ray K. Shahani, Esq.
                                          **Attorney for Plaintiff**

///

Complaint For Trademark Infringement, etc.
NWC v. ANDORIN et al.

Page 17 of 17
Complaint 091911-2.wpd