Richard E. Morton (Bar No. 54188)
HAIGHT BROWN & BONESTEEL LLP
5 Hutton Centre Drive, Suite 900
Santa Ana, California 92707
Telephone:  714.426.4600
Facsimile:  714.754.0826
e-mail:  rmorton@hbblaw.com

Attorneys for Defendant
J.R. ANDORIN, INC., a New York Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL WELLNESS CENTERS OF AMERICA, INC., a California Corporation dba NATURAL WELLNESS CENTERS OF AMERICA and NATURAL WELLNESS.COM, <br><br> Plaintiff, <br><br> vs. <br><br> J.R. ANDORIN, INC., a New York Corporation d/b/a NATURAL WELLNESS and d/b/a/ NATURAL WELLNESSONLINE.COM, NATWELL, INC., a New York Corporation, and DOES 1-10, <br><br> Defendants. | Case No. 11-CV-04642 EDL <br><br> [Assigned to Hon. Elizabeth D. Laporte] <br><br> **DEFENDANT J.R. ANDORIN, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, FOR IMPROPER VENUE, OR IN THE ALTERNATIVE, TO TRANSFER TO CURE LACK OF JURISDICTION OR TO TRANSFER BASED ON INCONVENIENT FORM** <br><br> Date:  December 27, 2011 <br> Time:  2:00 p.m. <br> Ctrm:  E <br><br> Complaint Filed:  9/19/2011 |

TO ALL PARTIES AND ATTORNEYS OF RECORD:

Defendant J.R. ANDORIN, INC. (hereinafter "Andorin"), hereby submits the following in Reply to Plaintiff NATURAL WELLNESS CENTERS OF AMERICA, INC.'s Opposition to Motion to Dismiss for Lack of Personal Jurisdiction and/or Improper Venue, or in the Alternative, for a Transfer to Cure lack of Jurisdiction or Based on Inconvenient Forum.

## I.    INTRODUCTION

Plaintiff has failed to meet its burden to establish jurisdiction in this instance.  Notably, Plaintiff has failed to put forth admissible evidence which support facts of jurisdiction as is

required. *Data Disc, Inc. v. Systems Technology Assocs., Inc.* 557 F.2d 1280, 1289, fn. 5 (9th Cir. 1977). Instead, Plaintiff relies on presumptions regarding the gross state product and an unrelated ICANN arbitration in an attempt to establish personal jurisdiction. Contrary to Plaintiff's assertions, Andorin has not consented to jurisdiction, does not have continuous and systematic contacts with California to confer general jurisdiction and does not have sufficient minimum contacts for specific jurisdiction. Additionally, venue is presently improper as both Defendants reside in New York and not in California. Moreover, Plaintiff's convenience arguments regarding this matter being transferred to New York are one-sided and fail to address several other relevant factors weighing in favor of transfer to New York.

Ultimately, Plaintiff is attempting to convey jurisdiction where none exists. Andorin does not reside in California, is not licensed to do business in California, has no offices or employees in California, does not own or lease any property in California, does not have a bank account in California, does not pay taxes in California, and has never sued or been sued in California. Contrary to Plaintiff's assertions, Andorin does not have "substantial, continuous and systematic" contacts with California for purposes of general jurisdiction. Additionally, Andorin has not availed itself of jurisdiction in California, nor does it have sufficient California-related activities that would establish specific jurisdiction.

## II.   ANDORIN IS NOT SUBJECT TO PERSONAL JURISDICTION IN CALIFORNIA

Plaintiff argues that Andorin is subject to personal jurisdiction in California because Andorin has consented to jurisdiction, has continuous and systematic contacts with the state of California subjecting it to general jurisdiction, and has sufficient contacts for specific jurisdiction. Each of Plaintiff's arguments fail and lack the required evidence to meet its burden to establish jurisdiction.

### A.   Andorin Has Not Consented To Personal Jurisdiction In California

Plaintiff alleges that Andorin consented to jurisdiction because of an unrelated ICANN proceeding, which did not take place in California and has no evidentiary value in this case. Specifically, Plaintiff refers to a paragraph in the ICANN complaint indicating the Complainant will submit to jurisdiction where the Respondent is located ***with respect to any challenges to a***

**LAW OFFICES**
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

PM20-0000001
3877978.1

2

Case No. 11-CV-04642 EDL
REPLY TO OPPOSITION TO MOTION TO
DISMISS/TRANSFER

*decision cancelling or transferring the domain name*. As Plaintiff repeatedly indicates, its domain name was not cancelled or transferred pursuant to the ICANN proceeding. As such, Andorin has not consented to jurisdiction. Moreover, the subject litigation has no relation to the ICANN proceeding. This is an action for Federal Trademark Infringement, Cyberpiracy and Unfair Competition. Regardless of whether Plaintiff is upset that the ICANN proceeding was instituted by Andorin in good faith, that proceeding has nothing to do with this case and has no evidentiary value in this case. Plaintiff's repeated attempt to use the ICANN proceeding to establish jurisdiction is of no avail.

### B.    Andorin Is Not Subject To General Jurisdiction In California

Plaintiff alleges that Andorin has engaged in systematic and continuous activities in California subjecting Andorin to general jurisdiction, yet Plaintiff fails to put forth any admissible evidence regarding such assertions. Plaintiff's contentions that general jurisdiction exists because Andorin engages in a mail-order business throughout the United States, operates active websites which California residents can access and purchase products (just as equally as any other person across the country and around the world can do), and engages in the promotion and sale of supplements in the United States, Canada and foreign countries are unpersuasive as reasons to subject Andorin to general jurisdiction in California.[1] Such contentions do not establish continuous and systematic activities directed to California specifically and are insufficient for general jurisdiction. *Shamsuddin v. Vitamin Research Prods.*, 346 F.Supp.2d 804 (D. Md. 2004) (holding that a company does not have sufficient minimum contacts for specific jurisdiction where the company's only contact with the forum was a commercial, interactive website that was accessible to residents of the forum, even if a product is sold to a forum resident).

Additionally, Plaintiff's assertions that Andorin sold at least one order for health supplements to a California resident, posted testimonials on its website from two alleged California residents, and retained California-based scientific and technical advisors to endorse

---

[1] Plaintiff bases these allegations on submissions from the ICANN dispute. Andorin objects to the use of any such submissions in this unrelated lawsuit.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

PM20-0000001
3877978.1

3

Case No.  11-CV-04642 EDL
REPLY TO OPPOSITION TO MOTION TO
DISMISS/TRANSFER

products are not supported by competent evidence.  First, one sale to a California resident, which was likely prompted at Plaintiff's command, is not sufficient to confer specific jurisdiction, let alone general jurisdiction.  *Shamsuddin v. Vitamin Research Prods.*, 346 F.Supp.2d 804 (D. Md. 2004).  Two testimonials and a technical advisor, both of which have no relation to the allegations in this case are also insufficient to confer general jurisdiction.  *Id.*  Moreover, Plaintiff has not provided any reliable evidence that the testimonials or alleged "California-based" advisor were because of Andorin's systematic and continuous contacts with California.  In fact, Plaintiff acknowledges that no reference is made to research performed in California, but instead that Andorin simply cites scientific research conducted by a California scientist.  (*See*, Declaration of John Taylor, ¶ 11.)  This is certainly insufficient to confer general jurisdiction in California as is outlined by *Helicopteros Nacionales De Colombia v. Hall*, 466 U.S. 408 (1984).

Furthermore, Plaintiff's claim that Andorin's internet search engine optimization ("SEO") strategy is designed to promote products to California residents over the internet is inaccurate.  Andorin does not direct any advertising or marketing efforts specifically at California residents. (Declaration of Morris Cohen, ¶ 13.)  Andorin's SEO is no more likely to promote products to California residents than to residents of any other state.

Finally, Plaintiff's attempt to use generalized statistics regarding the gross state product ("GSP") for California as proof that Andorin has continuous and systematic contacts with California is absurd.  Plaintiff claims that Andorin's sales in California are analogous to GSP is unsupported by any real evidence.  Such assertions are based on pure speculation and presumptions.  These presumptions are not admissible evidence relating specifically to Andorin which support facts of jurisdiction.  (See Objection to Plaintiff's Request for Judicitn Notice).

C.   **Andorin Is Not Subject To Specific Jurisdiction In California**

Plaintiff's Opposition appears to allege, in a confusing matter, that Andorin is subject to specific jurisdiction for a variety of reasons.  None of Plaintiff's arguments are convincing.

/ / /

/ / /

/ / /

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

PM20-0000001
3877978.1

4

Case No.  11-CV-04642 EDL
REPLY TO OPPOSITION TO MOTION TO
DISMISS/TRANSFER

1. <u>The fact that Andorin purchased business insurance does not confer personal jurisdiction in California.</u>

Plaintiff asserts that because Andorin purchased insurance it should subjected to specific jurisdiction. This makes no sense. Andorin did not purchase insurance to protect itself against lawsuits in California. Andorin purchased insurance as it is required to do when operating a business. The purchasing of insurance was not because Andorin thought it would be haled into a court in California. Nevertheless, coverage disputes presently exist as to whether this lawsuit is even covered by Andorin's insurance and it is possible Andorin will not be insured for this claim.

2. <u>There is no specific jurisdiction in Plaintiff's declaratory relief action.</u>

Next, with regard to Plaintiff's declaratory relief claim, Plaintiff appears to assert that because Andorin instituted an ICANN proceeding against Plaintiff that Andorin has purposefully directed its activities at residents of California. First, the ICANN dispute did not occur in California. Second, the ICANN dispute dealt with Plaintiff's ownership of a domain name and had nothing to do with California specifically. Andorin did not purposefully direct its activities to California because it instituted a proceeding relating to the ownership of a domain name against someone who happened to be located in California. The proceeding would have been initiated irrespective of Plaintiff's location. As such, Andorin has not specifically directed its activities at residents of California.

Moreover, contrary to Plaintiff's assertion, the ICANN proceeding is unrelated to this matter for Federal Trademark Infringement, Cyberpiracy and Unfair Competition despite Plaintiff's multiple attempts to connect the two matters. This action does not seek to dispute the findings in the ICANN proceeding. Instead, this action seeks injunctive relief, declaratory relief, and monetary damages relating to Plaintiff's claim that Andorin has violated Plaintiff's common law trademarks. As such, the second prong to the *Akro Corp v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995) is not met as claimed by Plaintiff.

Finally, the exercise of specific jurisdiction is not reasonable as claimed by Plaintiff merely because Andorin instituted ICANN proceedings against Plaintiff that could have had an adverse impact on Plaintiff. Andorin acted in good faith when filing its ICANN claim. Moreover,

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

PM20-0000001
3877978.1

5

Case No. 11-CV-04642 EDL
REPLY TO OPPOSITION TO MOTION TO
DISMISS/TRANSFER

the ICANN claim did not require Plaintiff to defend itself in an unreasonable forum as the dispute was determined by the submission of briefs only. Plaintiff appears to have a vendetta against Andorin as a result of the ICANN and is attempting to force Andorin to defend unwarranted claims in a state where there is no jurisdiction over Andorin.

3.    Andorin has not committed intentional acts causing an effect within California, which would warrant specific jurisdiction.

Plaintiff acknowledges that the mere fact that a nonresident's acts might cause an effect inside of California is not sufficient to confer personal jurisdiction over that nonresident. Plaintiff, then asserts that if a nonresident intentionally causes injury within the state then jurisdiction is not reasonable. Plaintiff, however, puts forth no competent evidence that Andorin acted intentionally to cause any effect on Plaintiff. There is no evidence to support Plaintiff's claim that Andorin intentionally infringed Plaintiff's alleged common law trademarks or that Andorin filed the ICANN action in bad faith. Andorin did not intentionally attempt to cause harm to Plaintiff in California. Andorin did not violate any common law trademarks, and certainly did not do so intentionally. Moreover, the ICANN proceeding was made in good faith and there have been no facts to indicate otherwise.

Furthermore, the cases Plaintiff cite in support of its position are dissimilar to the facts of this case. Both *Calder v. Jones*, 465 U.S. 783 and *Gordy v. Daily News, L.P.*, 95 F.3rd 829 involved cases of libel wherein the plaintiffs were professional entertainers who lived and worked in California and defendants were out of state residents that published libelous statements about plaintiffs. In both cases, defendants deliberately targeted plaintiffs in California, knowing that they lived in California and that the impact of their story would be in California. That is nothing like the situation here. Andorin has done nothing to deliberately target Plaintiff in bad faith. Andorin has valid trademarks with respect to disputes involved in this claim and Plaintiff has failed to put forth any reliable evidence that Andorin's actions were intentionally made to harm Plaintiff in California. As such, there can be no personal jurisdiction over Andorin.

///

///

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

PM20-0000001
3877978.1

6

4.    <u>There is no specific jurisdiction over Andorin simply because this is a Trademark Infringement case.</u>

Plaintiff appears to assert that simply because this case involves trademark law (i.e. unconsented use or threatened improper use) that Andorin is subject to specific personal jurisdiction.  That is not the case.  The two cases cited by Plaintiff, *Cable/Home Communication Corp. v. Network Productions, Inc.*, 902 F,2d 829 (11th Cir. 1989) and *Keds Corp. v. Renee International Trading Corp.*, 888 F.2d 215 (1st Cir. 1989) do not stand for such a proposition.  Instead, both *Cable/Home* and *Keds* confirm that a defendant must have sufficient minimum contacts with the state before personal jurisdiction is imposed.  As explained in the moving papers and above, Andorin does not have sufficient minimum contacts with California to confer general or specific jurisdiction.

5.    <u>There is no personal jurisdiction based on Cyber Piracy and/or attempted misappropriation of domain name.</u>

Plaintiff again misleads the court into believing that mere allegations of Cyber Piracy will confer specific jurisdiction.  That is not the case.  The case cited by Plaintiff confirms there is no specific jurisdiction in this case. In *Panavision International, L.P. v. Toeppen*, 141 F.3d 1316, 1322, the court confirmed that registering someone else's trademark as a domain name and posting a web site on the Internet is not sufficient to subject a party domiciled in one state to jurisdiction in another. *See also, Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414 (9th Cir. 1997). There must be "something more" to demonstrate that the defendant directed his activity toward the forum state. *Id.* In *Panavision*, jurisdiction was found because Toeppen engaged in a scheme to register Panavision's trademarks as his domain names for the purpose of *extorting money* from Panavision. Here, Andorin has not attempted to extort any money from Plaintiff and there are no allegations of such.  Plaintiff is attempting to stretch the law to confer jurisdiction where there is none.

/ / /

/ / /

/ / /

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

PM20-0000001
3877978.1

7

Case No.  11-CV-04642 EDL
REPLY TO OPPOSITION TO MOTION TO
DISMISS/TRANSFER

6.    Andorin's interactive websites do not automatically confer specific jurisdiction.

Contrary to Plaintiff's assertions, the mere fact that Andorin utilizes interactive websites to sell products does not automatically subject it to jurisdiction in California. *Millenium Enterprises, Inc., v. Millenium Music, LP*, 33 F. Supp. 2d 907, 921 (D. Or. 1999). "The fact that someone who accesses defendants' Web site can purchase [one of defendant's products] does not render defendants' actions purposefully directed' at this forum." *Id*. This is true even if there were some sales of infringing products to residents of the forum. *Id*. As such, Andorin's mere use of an interactive website does not render it subject to specific jurisdiction and this matter should be dismissed.

## III.    VENUE IS IMPROPER IN CALIFORNIA

Andorin moves this Court to dismiss Plaintiff's Complaint on the grounds that venue is improper in the District Court of California. Where Defendant challenges venue, the Plaintiff has the burden of proving that venue is proper. *French Transit Ltd. v. Modern Coupon Sys., Inc.*, 858 F.Supp. 22, 25 (S.D.N.Y. 1994). Plaintiff has failed to meet its burden.

Venue in California is improper pursuant to 28 U.S.C. § 1391(b) and (c). Both defendants are New York corporations with their principal places of business in New York. Both defendants reside in New York and venue is proper there and not in California. Moreover, Andorin has limited contacts with California and is not subject to personal jurisdiction of this Court. Plaintiff's reliance on its presumption that Andorin's sales in Northern California are equivalent to the value of the economy of Northern California relative to the U.S. as whole is unreliable. As such, it cannot be said that Andorin "resides" in California pursuant to 28 U.S.C. § 1331(c). Accordingly, Andorin's Motion to Dismiss pursuant to F.R.C.P. 12(b)(3) should be granted.

## IV.    CALIFORNIA IS AN INCONVENIENT FORUM AND TRANSFER TO NEW YORK IS WARRANTED

Plaintiff asserts that the factors regarding convenience weigh in favor of keeping the matter in Northern California. Plaintiff, however, only focuses it argument on certain factors such a Plaintiff's choice of forum without considering several other factors in favor of transferring this

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

PM20-0000001
3877978.1

8

Case No. 11-CV-04642 EDL
REPLY TO OPPOSITION TO MOTION TO
DISMISS/TRANSFER

matter to New York. Here, when considering all the factors, the factors weigh in favor of transferring this matter to New York as the more convenient forum. Transferring this matter to New York will enhance the convenience of the parties. The two Defendants reside in New York, and only the Plaintiff resides in California, albeit the Central District, not the Northern District. Thus, California litigation imposes a significant monetary burden on the Defendants, all of whom would have to travel to California to appear for Court ordered conferences, depositions, mediation, pre-trial hearings, and eventually trial.

Additionally, transferring the matter to New York would also enhance the convenience of the witnesses. Plaintiff claims that Andorin is 10 times larger than it. Therefore, Andorin will have more witnesses and party deponents, all of whom are located in New York and not California. Plaintiff's reference to Andorin's insurance to assist in such costs is inapplicable as there are significant coverage disputes pending.

Moreover, New York has significantly more at interest in the case than does the Northern District of California. Plaintiff is alleging that two New York corporations have violated serious trademark and unfair competition laws and New York has a high interest in regulating its corporations to ensure they are operating in accordance with the laws. Another factor to consider is the relative court congestion in the two forums. *Jumara v. State Farm, Inc. Co.*, 55 F.3d 873, 879 (3rd Cir. 1995). It is indisputable that California courts are extremely congested, making New York the more convenient forum. The District Court in New York is perfectly able to adjudicate Plaintiff's Complaint. Equity, therefore, warrants granting the Motion and transferring this matter to New York.

**V.    THIS ACTION SHOULD BE TRANSFERRED TO CENTRAL DISTRICT OF CALIFORNIA ONLY IF THE COURT DEEMS TRANSFER TO NEW YORK IS NOT APPROPRIATE**

Plaintiff is a California corporation with its principal place of business in Laguna Hills, which is located in the Central District, Southern Division. Plaintiff filed this case in Northern District of California, presumably because that is where its counsel is located. However, convenience of counsel should not be considered in ruling on a transfer motion. *Solomon v.*

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

PM20-0000001
3877978.1

9

Case No. 11-CV-04642 EDL
REPLY TO OPPOSITION TO MOTION TO
DISMISS/TRANSFER

*Continental American Life Ins. Co.*, 472 F.2d 1043, 1047 (3rd Cir. 1973); *In re Horsheo Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003).  For these same reasons, no consideration should be given to the fact that Andorin's counsel has an office in Northern California.

The fact that Andorin refused Plaintiff's one-sided proposal to transfer this matter to the Central District of California should also not be considered.  Plaintiff's counsel proposed the stipulation conditioned on Andorin withdrawing its Motion to Dismiss/Transfer the matter to New York.  New York, however, is the proper jurisdiction of this matter and Andorin is only requesting transfer to Central District of California if the court determines otherwise.  Contrary to Plaintiff's assertion, it did not act in good faith when offering to stipulate to venue in Central District.  If Plaintiff was acting in good faith, it would have stipulated to venue in Central District irrespective of whether Andorin agreed to withdraw its Motion to Dismiss.  As such, Plaintiff has not acted in good faith, but instead is attempting to do whatever it can to avoid litigation in New York, the proper venue for this matter.

## VI.    CONCLUSION

This Court cannot exercise personal jurisdiction over Andorin without violating the due process clause of the United States Constitution, because Andorin does not have sufficient contacts with California to establish personal jurisdiction or proper venue.  Therefore, this Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) should be granted.

In the alternative, Defendant requests that this Court transfer the matter to New York or the Central District of California.

Dated:  December 9, 2011                    HAIGHT BROWN & BONESTEEL LLP

By: _____
                                                              Richard E. Morton
                                                              Attorneys for Defendant
                                                              J.R. ANDORIN, INC.

LAW OFFICES
HAIGHT, BROWN &
BONESTEEL, L.L.P.
Orange County

PM20-0000001
3877978.1

10

Case No.  11-CV-04642 EDL
REPLY TO OPPOSITION TO MOTION TO
DISMISS/TRANSFER