Ray K. Shahani, Esq. SBN 160,814
Attorney at Law
Twin Oaks Office Plaza
477 Ninth Avenue, Suite 112
San Mateo, California 94402-1854
Telephone: (650) 348-1444
Facsimile: (650) 348-8655
E-mail: RKS@attycubed.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL WELLNESS CENTERS OF AMERICA, INC., a California Corporation dba NATURAL WELLNESS CENTERS OF AMERICA and NATURALWELLNESS.COM<br><br>Plaintiff,<br><br>vs.<br><br>J.R. ANDORIN, INC., a New York Corporation d/b/a NATURAL WELLNESS and d/b/a/ NATURAL-WELLNESS.COM and d/b/a/ NATURALWELLNESSONLINE.COM, and DOES 1-10<br><br>Defendant.<br><br>J.R. ANDORIN, INC., a New York corporation,<br><br>Counter-Claimant,<br><br>vs.<br><br>NATURALWELLNESS CENTERS OF AMERICA, INC. a California corporation,<br><br>Counter-Defendant. | Case No: CV 11-04642 EDL<br><br>The Honorable Elizabeth D. Laporte<br><br>EX PARTE APPLICATION AND ORDER EXTENDING TIME TO PLEAD |

Plaintiff/Counter-Defendant NATURAL WELLNESS CENTERS OF AMERICA, INC.,

a California Corporation dba NATURAL WELLNESS CENTERS OF AMERICA and

NATURALWELLNESS.COM. (hereafter "NWC"), by and through its attorney Ray K. Shahani, Esq., hereby applies to the Court ex parte for an order extending its time to plead to Defendant and Counter-Claimant J.R. ANDORIN (hereafter "ANDORIN")'s counter-complaint of March 19, 2012.

The undersigned has advised Mr. Todd Norris, Esq., appearing counsel for ANDORIN, that such an ex parte request will be made to the Court.

This request is timely and is necessary to allow additional time to prepare such pleading for the following reason:

1. The counterclaim was unexpected, there having never been any actual notice of infringement or cease and desist demand from ANDORIN even up until the time NWC gave ANDORIN an extension of time to respond to the complaint, and therefore there was no responsive pleading anticipated.

2. Since receiving notice of the counter-complaint, NWC has spent considerable time investigating the possibility that there is an insurance policy that could afford them a defense for the counter-complaint.

3. The parties have been engaging in meaningful settlement negotiations, and it is the details that are being worked on.

4. The scope of the counter-complaint is broader than those of the complaint, and raise a number of new issues. The counter-complaint raises issues dating to 1996 and numerous historical and factual issues that need to be researched. [1]

NWC has previously requested this 30-day extension of time from Defendant ANDORIN who has refused to grant any part of the requested extension of time.

Accordingly, Plaintiff NWC hereby requests that the Court grant this Plaintiff 30 days extension of time to plead to the counter-complaint of March 19, 2012.

---

[1] It is also noted that inconsistencies between the counterclaim and prior pleadings in this case have also been identified, and a stipulated amendment to the counterclaims would expedite settlement of the pleadings.

Respectfully submitted,

RAY K. SHAHANI
ATTORNEY AT LAW

Dated:    April 5, 2012          By:        /s/ Ray K. Shahani
                                            Ray K. Shahani, Esq.
                                            **Attorney for NWC**