Richard E. Morton, SBN 54188
HAIGHT BROWN & BONESTEEL LLP
5 Hutton Centre Drive, Suite 900
Santa Ana, California  92707
Telephone:  714.426.4600
Facsimile:   714.754.0826
E-mail:  rmorton@hbblaw.com

Attorneys for Defendant
J.R. Andorin, Inc., a New York Corporation

Ronald L. Richman, SBN 139189
C. Todd Norris, SBN 181337
BULLIVANT HOUSER BAILEY PC
601 California Street, Suite 1800
San Francisco, California  94108
Telephone: 415.352.2700
Facsimile: 415.352.2701
E-Mail: ron.richman@bullivant.com
E-Mail: todd.norris@bullivant.com

Attorneys for Counter-Claimant
J.R. Andorin, Inc., a New York Corporation

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NATURAL WELLNESS CENTERS OF AMERICA, INC., a California Corporation dba NATURAL WELLNESS CENTERS OF AMERICA and NATURALWELLNESS.COM,, <br><br> Plaintiffs, <br><br> vs. <br><br> J.R. ANDORIN, INC., a New York Corporation d/b/a NATURAL WELLNESS and d/b/a NATURAL-WELLNESS.COM and d/b/a NATURALWELLNESSONLINE.COM, NATWELL, INC., a New York Corporation, and DOES 1-10., <br><br> Defendants. <br><br> AND RELATED CROSS-ACTION. | Case No.: 11-CV-04642 EDL <br><br> **REPLY IN SUPPORT OF EX PARTE APPLICATION AND ORDER EXTENDING TIME TO RESPOND TO DISCOVERY** <br><br> Complaint filed:  9/19/2011 |

– 1 –

REPLY IN SUPPORT OF EX PARTE APPLICATION AND ORDER EXTENDING TIME TO RESPOND TO DISCOVERY

Defendant and Cross-Complainant J.R. Andorin, Inc. provides this Reply in Support of Ex Parte Application and Order Extending Time To Respond to Discovery.

### 1.    Introduction

Counsel for both parties have been actively engaged in settlement communications and have made significant progress, despite the fact that according to Mr. Shahani, counsel for Plaintiffs and Cross-Defendants, his clients are out of the Country until May 18, 2012 and he is unable to get authority to accept or deny certain terms proposed in the settlement agreement or an extension of time to respond to discovery beyond two weeks, the end of May, 2012.

### 2.    Discovery

On April 13, 2012, Plaintiffs and Cross-Defendants propounded to J. R. Andorin the following discovery: (a) First Set of Interrogatories to J.R. Andorin, Inc., propounding 24 separate interrogatories, with many containing multiple subparts, in violation of Fed. R. Civ. P. 33(a)(1). A true and correct copy of the First Set of Interrogatories is attached hereto as Exhibit B; (b) First Set of Requests for Production of Documents, propounding a total of 88 categories. A true and correct copy of the First Set of Requests for Production of Documents is attached hereto as Exhibit C; and (c) First Set of Requests for Admission, propounding 45 separate requests. A true and correct copy of the First Set of Requests for Admission is attached hereto as Exhibit D. Responses to the discovery are due on or before May 18, 2012. Regardless of the status of the settlement discussions, Defendant needs additional time to respond to the voluminous discovery.

Further, the reality is that the dollar value of the settlement, which remains confidential at this point, will be quickly and significantly eroded by the time and expense involved in responding to the extensive discovery, especially during the very same time period the parties are involved in substantial settlement negotiations.

/ / /

/ / /

/ / /

/ / /

REPLY IN SUPPORT OF EX PARTE APPLICATION AND ORDER EXTENDING TIME TO RESPOND TO DISCOVERY

### 3.      Settlement Negotiations

Mr. Shahani has vacillated from one extreme to the other, first declaring on April 20, 2012 the settlement discussions and preliminary agreement are binding and enforceable, threatening to bring a motion to enforce the draft agreement[1], to now advising the Court that settlement is not imminent, despite the fact that on May 1, 2012 Mr. Shahani agreed that the current draft settlement agreement "is pretty close to what we had agreed on in principle."[2]

### 4.      Local Rule 37-1(a)

Counsel for Plaintiffs and Cross-Defendants incorrectly interprets the clear and plain language of Local rule 37-1(a) which allows this Court to assist in any discovery dispute:

> The Court will not entertain a *request or a motion to resolve a disclosure or discovery dispute* unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues...

Counsel have met and conferred and have come to an impasse on what should be an easy resolution, a short stay of discovery, 45 days, to allow time for further settlement discussions and negotiations now, and a reasonable period after May 18, 2012, when Mr. Shahani's clients return from their trip out of the Country.

Mr. Shahani has repeatedly advised counsel he is not able to bind his clients to a settlement until his clients return on May 18, 2012.  It would be a substantial waste of time and money to require Defendant to spend an inordinate amount of time and money on discovery that will likely be moot once the settlement is agreed upon.

/ / /

/ / /

/ / /

/ / /

---

[1] See Exhibit E attached hereto (redacted so as not include confidential communications regarding specific terms of the settlement agreement).

[2] See Exhibit F attached hereto (redacted so as not include confidential communications regarding specific terms of the settlement agreement).

– 3 –

REPLY IN SUPPORT OF EX PARTE APPLICATION AND ORDER EXTENDING TIME TO RESPOND TO DISCOVERY

Defendant and Cross-Complainant is amenable to having this discovery dispute and settlement negotiations referred to another Magistrate Judge for assistance, after May 18, 2012 when Mr. Shahani's clients are in town and available for discussion, in an attempt to finalize the remaining terms and conditions of the proposed settlement.

DATED: May 9, 2012

BULLIVANT HOUSER BAILEY PC

By _____
Ronald L. Richman
C. Todd Norris

Attorneys for Counter-Claimant
J.R. Andorin, Inc., a New York Corporation

13766975.1

– 4 –

REPLY IN SUPPORT OF EX PARTE APPLICATION AND ORDER EXTENDING TIME TO RESPOND TO DISCOVERY

# EXHIBIT B

Ray K. Shahani, Esq. SBN 160,814
Attorney at Law
Twin Oaks Office Plaza
477 Ninth Avenue, Suite 112
San Mateo, California 94402-1854
Telephone: (650) 348-1444
Facsimile: (650) 348-8655
E-mail: RKS@attycubed.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL WELLNESS CENTERS OF AMERICA, INC., a California Corporation dba NATURAL WELLNESS CENTERS OF AMERICA and NATURALWELLNESS.COM<br><br>Plaintiff,<br><br>vs.<br><br>J.R. ANDORIN, INC., a New York Corporation d/b/a NATURAL WELLNESS and d/b/a/ NATURAL-WELLNESS.COM and d/b/a/ NATURALWELLNESSONLINE.COM, and DOES 1-10<br><br>Defendant. | Case No: CV 11-04642 EDL<br><br>The Honorable Elizabeth D. Laporte<br><br>NATURAL WELLNESS CENTERS OF AMERICA, INC.'S FIRST SET OF INTERROGATORIES TO J. R. ANDORIN, INC.<br><br><u>Demand for Jury Trial</u><br><br>Original Complaint Filed on September 19, 2011 |
| J.R. ANDORIN, INC., a New York corporation,<br><br>Counter-Claimant,<br><br>vs.<br><br>NATURALWELLNESS CENTERS OF AMERICA, INC. a California corporation,<br><br>Counter-Defendant. | |

///

///

NWC's First Set of IROG
NWCA v. Andorin et al., C 11-04642 EDL          Page 1          Page 1 of 8
IROG 04-13-2012-2.wpd

To ALL PARTIES:

PROPOUNDING PARTY:          NATURAL WELLNESS CENTERS OF AMERICA, INC.(hereafter "NWC")

RESPONDING PARTY:          J.R. ANDORIN, INC. (hereafter "Andorin")

SET NO.:                   ONE

Pursuant to the provisions of Rule 33 of the Federal Rules of Civil Procedure, Plaintiff and Counter-Defendant NWC hereby serves the following interrogatories on Defendant and Counter-claimant Andorin, to be answered under oath within 30 days of service hereof, in the form provided by law, the following interrogatories, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto:

NOTE A: In responding, you are requested to answer fully and provide all information available to you or anyone answering on your behalf and to provide all documents where indicated that are available to you or in your possession, or in the possession of any agent, insurer, investigator, or attorney acting on your behalf.

NOTE B: Please do not respond to Interrogatories by referring to the responses to other Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be complete in themselves.

NOTE C: If you object to part of an Interrogatory, please identify any information withheld, sufficient to support a Motion to Compel.

DEFINITIONS:

(1)    Unless otherwise indicated, "you" and "your" shall refer to Andorin, president, CEO and other senior management of Andorin.

(2)    "Person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies or any other legally cognizable entities.

(3)    "Or" shall mean and/or

NWC's First Set of IROG                                                        Page 2 of 8
NWCA v. Andorin et al., C 11-04642 EDL          Page 2                 IROG 04-13-2012-2.wpd

(4)    "Identify" shall mean the following:

a) With regard to a person who is an individual, "identify" shall mean for you to state his or her full name, present or last known residence address (designating which) and home and cellular phone number(s), and present or last known employer, job title, and employment address;

b) With regard to a person who is a firm, partnership, corporation, proprietorship, association, financial institution, or other organization or entity, "identify" shall mean for you to state its full name and present or last known address and telephone number (designating which), the legal form of such entity or organization and the identity of its chief executive officer;

c) With regard to an oral communication, "identify" shall mean for you to state the date of the communications, the subject matter, communicator, communicate, nature of the communication, place or places where the communication occurred, whether it was recorded or otherwise memorialized, and the identity of any witnesses thereto;

d) With regard to a document, "identify" shall mean for you to state the title (if any) of the document, the date, author, sender, recipient, the identity of persons signing it, type of document (i.e., a letter, memorandum, book, telegram, invoice, etc.) or some other means of identifying it (e.g., invoice number), the names of the persons known to have seen the document or to have received copies, its present location or custodian, and a description of its contents (in lieu of stating the foregoing information, plaintiff may attach a legible copy of a document to their responses hereto, specifying the particular interrogatory to which the copy is in response and identifying the present custodian of the original).

## INTERROGATORIES

1.    If you ever have been a party to any civil action (excluding this civil action), list the basis thereof, the date, the names of the parties, the title of each action, the relevant court and civil action number, your relationship to the civil action, and the outcome of the civil action or settlement.

2.    Identify all claims of trademark or service mark infringement or unauthorized use of any product or service name or logo or domain name or web site made against you or which you have

made against any other person or entity.

3.    Identify all persons, including past or present employees, who participated in the development or adoption or use of your trademarks Natural Wellness and Maximum Milk Thistle.

4.    State the amount in United States dollars, by year and by trademark and by state, of your promotional and advertising expenditures for products sold under your trademarks Natural Wellness and Maximum Milk Thistle in each of the 50 United States since 1996.

5.    State the amount in United States dollars, by year and by trademark and by state, of promotional and advertising expenditures for products sold under your trademarks Natural Wellness and Maximum Milk Thistle in each of the 50 United States since 1996 by any third party, including distributors and third-party vendors, not including amounts identified in INTERROGATORY NO. 4.

6.    State the amount in United States dollars, by year and by trademark and by state, of gross sales of products you have sold under your trademarks Natural Wellness and Maximum Milk Thistle in each of the 50 United States since 1996.

7.    State the amount in United States dollars, by year and by trademark and by state, of gross sales of products sold by any third party, including distributors and third-party vendors, under your trademarks Natural Wellness and Maximum Milk Thistle in each of the 50 United States since 1996, not including amounts identified in INTERROGATORY NO. 4.

8.    Identify each one of your customers, by year and by product and by state, who purchased products sold under your trademarks Natural Wellness and Maximum Milk Thistle in each of the 50 United States since 1996.

9.    Identify the names, addresses and phone numbers of each and every person known to you or your counsel to be witnesses concerning the facts of this lawsuit and indicate whether a written or otherwise recorded statement has been taken and who is in possession of any identified statement, and if you will seek affidavit, deposition or declaration testimony or other evidence from them in connection with the trial in this matter state the specific topic on which each witness will testify.

10.    Identify each of the following that you have used or consulted with regarding marketing and/or sales of products under your trademarks Natural Wellness and Maximum Milk Thistle since 1996:

    a.    Sales Representatives

    b.    Advertising Agents or Agencies

    c.    Internet and website developers and SEO consultants

    d.    Lawyers (other than those involved in this lawsuit)

    e.    Accountants

11.    State how you first became aware of Plaintiff and Counter-Defendant NWC and their use of your trademarks Natural Wellness and Maximum Milk Thistle.

12.    Identify each communication, including type, date, all individuals involved and contents thereof, between you and NWC since 1996.

13.    Identify each and every cease and desist and or notice of infringement communication, including type, date, all individuals involved and contents thereof, between you and any person related to your trademarks Natural Wellness and Maximum Milk Thistle.

14.    Identify all promotional and advertising activity you have ever conducted in California, by year since 1996.

15.    State why you have never sent NWC a cease and desist letter or notice of infringement regarding their use of the trademark Natural Wellness, or if you have, identify when the communication was made, how it was made and from and to whom it was made.

16.    Identify all persons and companies and other entities you are aware of that use the name "Natural Wellness", or otherwise use both of the words "natural" and "wellness", in the name of their business, in the name of any of their products or in the name of their services.

17.    State the annual gross revenues for defendant and counter-complainant Andorin, by year since 1996.

18.    State the total monthly operating expenses for defendant and counter-complainant Andorin, for each month since 1996.

19.    Identify the following "individuals likely to have relevant and/or discoverable information" as specified in your Rule 26 disclosures for your Natural Wellness and Maximum Milk Thistle products:

    a.    Raw ingredient manufacturers

    b.    Formulation and blending service providers

    c.    Product transport and shipping agents or carriers

    d.    Product packagers

    e.    Storage and warehousing facility managers

    f.    Product distribution representatives and agents

    g.    Friends

    h.    Family

    i.    Business associates

    j.    Local governmental and political representatives

NWC's First Set of IROG
NWCA v. Andorin et al., C 11-04642 EDL          Page 6          Page 6 of 8
IROG 04-13-2012-2.wpd

k.     Media writers, reporters and executives

l.     Technical consultants

m.     Medical consultants

n.     Regulatory consultants

20.     Identify with specificity all terms and conditions of any agreements or contracts, including trademark licenses, between you and any other person or entity, including other parties originally named in this action, related to Natural Wellness and Maximum Milk Thistle products.

21.     Identify by the common commercial descriptive names each and every product and/or service which has been sold, offered for sale, and/or advertised by Andorin in the United States under or in connection of Andorin's trademarks Natural Wellness and Maximum Milk Thistle.

22.     For each product and/or service identified by you in INTERROGATORY NO. 21, state the exact or the best approximate date of first use of Andorin's trademarks Natural Wellness and Maximum Milk Thistle in connection with such product and/or service, and identify documents evidencing first use of Andorin's trademarks Natural Wellness and Maximum Milk Thistle in connection with such product and/or service.

23.     Describe with specificity Andorin's channels of distribution or intended channels of distribution by which the products and/or services associated with Andorin's trademarks Natural Wellness and Maximum Milk Thistle reach the ultimate user, consumer, or client in the United States, including, but not limited to,

(a) the type of sale in which Andorin's products and/or services are offered to the public (e.g. wholesale, retail, direct mail);

(b) the name and address of each person or entity in the distribution chain of each product and/or service sold or rendered in the United States;

(c) the exact relationship of the person or entity to Andorin (e.g. whether each such

person or entity is Andorin's subsidiary, distributor, or licensee);

(d) the names and addresses of all locations at which Andorin's products and/or services may be purchased/consumed;

(e) the types of persons or entities who are known to be users or purchasers of Andorin's products and/or services.

24.    Identify every document related to the selection, availability, adoption, creation, design, proposal to use, right to use, right to practice, trademark search, attempt to register, or registration of your trademarks Natural Wellness and Maximum Milk Thistle, including without limitation any minutes or notes from meetings in which the topic was discussed, report, survey, opinion of counsel, expert opinion, in-house analysis, business plan, investigation, and for each document identify or state:

(a) the purpose of the document

(b) the date the document was prepared

(c) the identity of each person involved in 0preparing the document

(d) the identity of each person or entity in possession of the original or any copy of the document.

Respectfully submitted,

RAY K. SHAHANI
ATTORNEY AT LAW

Dated:    April 13, 2012    By:    /s/ Ray K. Shahani
                                     Ray K. Shahani, Esq.
                                     **Attorney for NWC**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN MATEO

I am employed in the county of San Mateo, State of California. I am over the age of 18 and not a party to the within action; my business address is Twin Oaks Office Plaza, 477 Ninth Avenue, Suite 112, San Mateo, CA 94402-1854.

On ___**April 13, 2012**___ , I served the foregoing document described as :

1.    NATURAL WELLNESS CENTERS OF AMERICA, INC.'S FIRST SET OF INTERROGATORIES TO J. R. ANDORIN, INC.

on parties on the mailing list.

_____ by placing the true cop(ies) thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

__X__   **BY MAIL**
I deposited such envelope in the mail in San Mateo, California. The envelope was mailed with postage thereon fully prepaid.

_____   **BY ELECTRONIC MAIL**
I caused each document to be sent by Electronic Mail to the email address(es) indicated in the mailing list.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at SAN MATEO, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Mailing List:

| Attorney(s) for J.R. Andorin Inc.: C. Todd Norris, Esq. Bullivant Houser Bailey PC 601 California St., Suite 1800 San Francisco, CA 94108-2823 Tel: 415.352.2720, Fax: 415.352.2701 Email: Todd.Norris@bullivant.com | |
|---|---|

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on ___April 13, 2012___ , at San Mateo, California.

_____/Leo Lai/_____
LEO K. LAI

NWC v. J.R. Andorin Inc. et al., Case No.: C 11-04642 EDL                    Proof of Service

EXHIBIT C

Ray K. Shahani, Esq. SBN 160,814
Attorney at Law
Twin Oaks Office Plaza
477 Ninth Avenue, Suite 112
San Mateo, California 94402-1854
Telephone: (650) 348-1444
Facsimile: (650) 348-8655
E-mail: RKS@attycubed.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL WELLNESS CENTERS OF AMERICA, INC., a California Corporation dba NATURAL WELLNESS CENTERS OF AMERICA and NATURALWELLNESS.COM<br><br>Plaintiff,<br><br>vs.<br><br>J.R. ANDORIN, INC., a New York Corporation d/b/a NATURAL WELLNESS and d/b/a/ NATURAL-WELLNESS.COM and d/b/a/ NATURALWELLNESSONLINE.COM, and DOES 1-10<br><br>Defendant. | Case No: CV 11-04642 EDL<br><br>The Honorable Elizabeth D. Laporte<br><br>NATURAL WELLNESS CENTERS OF AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO J. R. ANDORIN, INC.<br><br><u>Demand for Jury Trial</u><br><br>Original Complaint Filed on September 19, 2011 |
| J.R. ANDORIN, INC., a New York corporation,<br><br>Counter-Claimant,<br><br>vs.<br><br>NATURAL WELLNESS CENTERS OF AMERICA, INC. a California corporation,<br><br>Counter-Defendant. | |

///

///

To ALL PARTIES:

PROPOUNDING PARTY:                NATURAL WELLNESS CENTERS OF AMERICA,

INC.(hereafter "NWC" or Counter-Defendant)

RESPONDING PARTY:                 J.R. ANDORIN, INC. (hereafter "J.R. Andorin" or "Andorin" or Counter-Claimant)

SET NO.:                          ONE

Pursuant to the provisions of Rule 33 of the Federal Rules of Civil Procedure, Plaintiff and Counter-Defendant NWC hereby serves the following requests for production of documents and things on Defendant and Counter-Claimant Andorin, to be answered under oath within 30 days of service hereof, in the form provided by law, the following requests for production, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto:

DEFINITIONS:

(1)   Unless otherwise indicated, "you" and "your" shall refer to Andorin, its president, CEO and other senior management.

(2)   "Person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies or any other legally cognizable entities.

(3)   "Or" shall mean and/or.

(4)   Documents produced pursuant to these Requests are to be identified by the number of the Request in response to which they are produced or produced as they are kept in the usual course of business.

(5)   If a claim of privilege is asserted in objecting to any Request, or sub-part thereof, and a full response is not provided on the basis of such assertion, respond to any part of the Request which is not objectionable, produce all non-privileged portions of responsive documents in redacted form, and furnish the following information with respect to that portion of the Request as to which the claim of privilege is asserted: (i) the document control number of the document that is being withheld or redacted; (ii) the nature of the privilege (including work product) which is

being claimed and the privilege rule being invoked; (iii) the type of document of thing withheld; (iv) the general subject matter of the document; (v) the date of the document; (vi) the authors and recipients of the document; and (vii) such other information as is sufficient to identify any withheld material for a subpoena duces tecum, including, where appropriate, the relationship of the author, addressees, and recipients to each other.

(6)    These Requests cover all documents and things in the possession, custody or control of you or any Person acting on your behalf whether located at your offices or elsewhere, including the offices of predecessors/successors or assigns, accountants, attorneys, agents, assistants, bankers, affiliates, or at any other place. If any such document or thing was, but is no longer, in your possession or subject to your control, or in existence, describe the document, including its date, author(s), recipient(s) and contents, or the thing, and state whether it (i) is missing or lost; (ii) has been destroyed; (iii) has been transferred, voluntarily or involuntarily, to others; or (iv) has been disposed of in some other manner.

(7) "Complaint" shall mean the Complaint for trademark infringement and other claims filed by Plaintiff in this action.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Produce all documents referred to and/or relied upon in your responses to NWC's FIRST SET OF INTERROGATORIES to you.

2.    Produce all documents referred to and/or relied upon by you in your Initial Disclosures served on NWC in this action.

3.    Produce all documents, including electronic mail and other written correspondence, notes, journal, and invoices, that evidence, record, refer to and/or relate to NWC.

4.    Produce all documents, including electronic mail and other written correspondence, notes, journal, and invoices, that evidence, record, refer to and/or relate to any licenses, permissions, agreements, contracts, arrangements between you and NWC.

5.      Produce all documents, including electronic mail and other written correspondence, notes, journal, and invoices, that evidence, record, refer to and/or relate to any licenses, permissions, agreements, contracts, arrangements between you and Natwell, Inc

6.      Produce all documents, including electronic mail and other written correspondence, notes, journal, and invoices, that evidence, record, refer to and/or relate to any licenses, permissions, agreements, contracts, arrangements between you and Ralph or Janet Napolitano.

7.      Produce all documents, including electronic mail and other written correspondence, notes, journal, and invoices, that evidence, record, refer to and/or relate to any licenses, permissions, agreements, contracts and/or arrangements, between you and any other person or entity related to your trademarks Natural Wellness and Maximum Milk Thistle.

8.      Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to correspondence between you and Plaintiff.

9.      Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to correspondence between you and any other person or entity regarding NWC's claims against you in this action.

10.     Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to correspondence between you and any other person or entity regarding your claims in this action.

11.     Produce all documents, including but not limited to contracts, correspondence, and/or electronic mail, that refute any of NWC's allegations in the Complaint.

12.     Produce all documents, including but not limited to contracts, invoices, electronic mail

and other written correspondence, that support any of your affirmative defenses to NWC's claims in the Complaint.

13.     Produce all written and/or transcribed statements pertaining to this matter, specifically including but not limited to any statement made by any party or potential witness related to NWC's claims and/or to your defenses to NWC's claims in the Complaint.

14.     Produce all written and/or transcribed statements pertaining to this matter, specifically including but not limited to any statement made by any party or potential witness related to your claims against NWC and/or to NWC's defenses to the claims in your Counter- Complaint.

15.     Produce all electronic mail or other written correspondence, documents, records, reports, recordings and/or other tangible items giving you or any other third party any notice of a trademark infringement claim by NWC.

16.     Produce all electronic mail or other written correspondence, documents, records, reports, recordings and/or other tangible items giving NWC any notice of a trademark infringement claim by you or any other third party.

17.     Produce all electronic mail or other written correspondence, documents, records, reports, recordings and/or other tangible items giving you any notice of a trademark infringement claim other than the claims by NWC.

18.     Produce all electronic mail or other written correspondence, documents, records, reports, recordings and/or other tangible items giving any third party any notice of a trademark infringement claim by you.

19.     Produce business records in sufficient detail to show the line item income and expenses

for the business known as J.R. Andorin, Inc. ("Andorin") for each year since 1996.

20.    Produce copies of any evidence of infringement of your trademarks Natural Wellness and Maximum Milk Thistle by NWC as you received them.

21.    Produce copies of all of your marketing and advertising materials for your Natural Wellness and Maximum Milk Thistle products used in each of the 50 United States since 1996, including but not limited to mailers, fliers, email marketing, radio advertisements, television advertisements, marketing accessories such as t-shirts, pens, pencils, mugs, caps that bear your trademarks, trade journal advertising or other trade materials, copies of all social media websites, and internet ads in print or other electronic media.

22.    Produce copies of all product review, certifications, certificates of analysis, FDA, GMP, GLP, regulatory or other documents related to your Natural Wellness and Maximum Milk Thistle products prepared by independent and neutral persons or entities.

23.    Produce any and all business records showing your gross annual sales in each of the 50 United States for each year since 1996.

24.    Produce any and all business records showing gross annual sales of your Natural Wellness and Maximum Milk Thistle products in each of the 50 United States for each year since 1996.

25.    All marketing or business plans for your Natural Wellness and Maximum Milk Thistle products.

26.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that NWC is barred from recovery in this lawsuit in

NWC's First Set of RPD
NWCA v. Andorin et al., C 11-04642 EDL                    Page 6                    Page 6 of 20
RPD 04-13-2012-2.wpd

that each alleged cause of action was filed after the running of the statute of limitations, *California Code of Civil Procedure*, sections 337, 337.1, 337.15, 338, 339, 340 and 343.

27.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that all claims against you were waived, in whole or in part, by the conduct of NWC.

28.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that all claims against you are barred, in whole or in part, by the doctrine of unclean hands.

29.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that all claims against you are barred, in whole or in part, by laches and delay on the part of NWC, to your prejudice.

30.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that all claims against you are barred, in whole or in part, by estoppel.

31.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that NWC has failed to take reasonable action to mitigate its alleged damages, in whole or in part; and, as a result of such failure and refusal to undertake reasonable mitigation efforts, NWC's purported claims for damages herein are barred in their entirety.

32.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that if and to the extent any of NWC's claims are based and/or otherwise rely upon your communications with third parties, NWC is barred by the

NWC's First Set of RPD
NWCA v. Andorin et al., C 11-04642 EDL                      Page 7                      Page 7 of 20
RPD 04-13-2012-2.wpd

California and United States constitutional protections of free speech.

33.     Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that if and to the extent any of NWC's Claims are based and/or otherwise rely upon your communications with third parties, NWC is barred by the Interested Party Privilege in California Civil Code §47(c).

34.     Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that at all times material hereto, you acted in good faith, without any intent to violate the rights of any party or the provisions of any applicable law, and with no knowledge that its conduct constituted any such violation.

35.     Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that any conduct of you on which any Claim For Relief is based was contemporaneously known to NWC, which for a long time thereafter never expressed to you any objection, complaint, protest, or assertion of wrongdoing, on which silence and inaction you reasonably relied upon in continuing such conduct.

36.     Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that NWC is committing trademark misuse, by attempting to stifle free competition, which is a separate and independent additional ground for barring its claims against you pursuant to the Unclean Hands Doctrine.

37.     Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that you entitled to the Fair Use Defense to any Claim For Relief that alleges or attempts to allege a claim of infringement of the Lanham Trademark Act.

NWC's First Set of RPD
NWCA v. Andorin et al., C 11-04642 EDL          Page 8          Page 8 of 20
RPD 04-13-2012-2.wpd

38.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that NWC's claims are barred in whole or in part by the California public policy in favor of competition.

39.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim of attorneys' fees.

40.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim for costs of suit incurred in this lawsuit.

41.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that NWC's ongoing manufacture, importation, use and/or sales of products that infringe your trademark or trademarks.

42.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that NWC has: [i] willfully infringed J.R. Andorin's registered and common law trademarks NATURAL WELLNESS (U.S. Trademark Registration Nos. 2026211 and 3361368) and MAXIMUM MILK THISTLE (U.S. Trademark Registration No. 4087314), in violation of 15 U.S.C. §1114; [ii] willfully diluted J.R. Andorin's common law and registered trademarks in violation of 15 U.S.C. § 1125(c); and [iii] willfully committed unfair competition in violation of 15 U.S.C. § 1125(a) and the California Unfair Business Practices Act, Cal. Bus. & Prof. Code § 17200 *et. seq.*

43.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that this Court has subject matter jurisdiction under one or more of the following statutes: 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (trademarks), and 28 U.S.C. § 1367 (supplemental jurisdiction).

44.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that personal jurisdiction is proper in the Northern District of California under 28 U.S.C. § 1391(b) and (c) with respect to Counter-Defendant because a substantial part of the events giving rise to the claims occurred in this district, Counter-Defendant regularly and systematically markets and sells its infringing products in this district and Counter-Defendant initiated this lawsuit in this district.

45.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that venue is proper under 28 U.S.C. § 1391 (a), (b) and (c), as well as 28 U.S.C. § 1400(b) in that Counter-Defendant is subject to personal jurisdiction in this district in which its acts of infringement and unfair competition, among others, took place and because Counter-Defendant's infringing products are sold over the internet and within this district on a regular and systematic basis.

46.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that among other things, J.R. Andorin is engaged in the business of marketing and distributing products and services including, but not limited to, herbal and nutritional supplements, body care products, books and wellness DVD's and CD's.

47.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that since as early as 1996, J.R. Andorin has continuously used its "NATURAL WELLNESS" mark to market and sell its products and services throughout the United States and internationally, both through printed publications and online.

48.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that J.R. Andorin is the owner of all right, title and interest in and to the mark as evidence by United States Trademark Registration Nos. 2026211

and 3361368.

49.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that contrary to the false allegation made at paragraph 25 of NWCA's complaint on file herein, J.R. Andorin used the mark in commerce to market and distribute products and services including, but not limited to, herbal and nutritional supplements, body care products, books and wellness DVD's and CD's both online and elsewhere before Counter-Defendant NWCA ever did.

50.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that J.R. Andorin common law and statutory rights in the mark with respect to the marketing and sale of such products online and elsewhere superior to those of NWC.

51.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that since before September 15, 1999, J.R. Andorin has continuously used its "MAXIMUM MILK THISTLE" mark, in conjunction with its "NATURAL WELLNESS" mark, to market and/or sell certain of its nutritional supplements throughout the United States and internationally, both in printed publications and online.

52.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that J.R. Andorin is the owner of all right, title and interest in and to the MAXIMUM MILK THISTLE mark as evidence by United States Trademark Registration No. 4087314.

53.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that J.R. Andorin made use of the mark in commerce in connection with its online marketing and distribution of nutritional supplements before Counter-

NWC's First Set of RPD
NWCA v. Andorin et al., C 11-04642 EDL          Page 11                    Page 11 of 20
                                                                          RPD 04-13-2012-2.wpd

Defendant NWCA ever sold nutritional supplements online.

54.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that J.R. Andorin has common law and statutory rights in the mark superior to those of NWC.

55.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "Counter-Defendant NWCA manufactures, imports, distributes and sells nutritional supplements, books and other products that infringe J.R. Andorin's "NATURAL WELLNESS" and "MAXIMUM MILK THISTLE" trademarks. These products are specifically and intentionally marketed using J.R. Andorin's trademarks and/or confusingly similar marks in order to trade off of J.R. Andorin's famous trademarks and J.R. Andorin's goodwill in its products including, but not limited to, its herbal and nutritional supplements, body care products, books and wellness DVD's and CD's. Among other things, on information and belief, NWCA has and continues to use J.R. Andorin's trademarks and confusingly similar marks in advertisements that appear on NWCA's website pages, in NWCA's registered domain names, in meta tags and in keyword search advertising. As a consequence, NWCA has and continues to steal J.R. Andorin's internet traffic, both to the benefit of NWCA and to the detriment of J.R. Andorin."

56.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "J.R. Andorin is and has been the registered owner of its <NATURAL WELLNESS. com> domain name since August 7, 1996. J.R. Andorin is and has been the registered owner of its <naturalwellnessonline.com> domain name since March 20, 2002."

57.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that NWCA has been the registered owner of the

NWC's First Set of RPD
NWCA v. Andorin et al., C 11-04642 EDL          Page 12          Page 12 of 20
RPD 04-13-2012-2.wpd

domain name <naturalwellness.com> since September 1999.

58.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "[i]n July 2011, J.R. Andorin sought to have the <naturalwellness.com. domain name transferred to it from NWCA based on its superior rights in the "NATURAL WELLNESS" trademark. In response, NWCA filed a trademark application for "NATURALWELLNESS.COM" in August 2011. Because the proposed mark is obviously confusingly similar to J.R. Andorin's "NATURAL WELLNESS" mark, NWCA's application has not been approved by the USPTO."

59.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "J.R. Andorin has owned a valid and protectable interest in its NATURAL WELLNESS and MAXIMUM MILK THISTLE trademarks since before the acts of Counter-Defendant complained of herein. As a result of Counter-Claimant's continuous and extensive promotion and use of the trademarks and brands in interstate commerce, J.R. Andorin's Natural Wellness marks have developed secondary meaning."

60.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that NWCA has knowingly, willfully and intentionally advertised, promoted, displayed, offered for sale and/or sold health and nutritional supplement products, books and other wellness items using identical, nearly identical and/or confusingly similar copies of J.R. Andorin's common law and registered trademarks.

61.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that NWCA has knowingly, willfully and intentionally advertised, promoted, displayed, offered for sale and/or sold the infringing products online and on its internet websites.

NWC's First Set of RPD
NWCA v. Andorin et al., C 11-04642 EDL                    Page 13                    Page 13 of 20
RPD 04-13-2012-2.wpd

62.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "NWCA's conduct is causing, and is likely to continue to cause in the future, confusion, mistake or deception as to the affiliation, connection or association of Counter-Defendant with Counter-Claimant, and as to the origin, sponsorship or approval of Counter-Defendant and its goods and services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1). Counter-Defendant's unauthorized and tortious conduct also has deprived and will continue to deprive J.R. Andorin's ability to control the consumer perception of its goods marketed under the Natural Wellness trademark, placing the valuable reputation and goodwill of J.R. Andorin in the hands of Natural Wellness Centers of America over whom J.R. Andorin has no control."

63.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that Counter-Defendant's reckless disregard for the confusion caused by its acts renders this case exceptional under 15 U.S.C. § 1117(a).

64.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "[a]s a result of Counter-Defendant's aforesaid conduct, Counter-Claimant has suffered substantial damage and irreparable harm constituting an injury for which Counter-Claimant has no adequate remedy at law. Unless this Court enjoins Counter-Defendant's conduct, Counter-Claimant will continue to suffer irreparable harm as a result of NWCA's infringing conduct."

65.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "J.R. Andorin has owned a valid and protectable interest in its trademark since before the acts of Counter-Defendant complained of herein. As a result of Counter-Claimant's continuous and extensive promotion and use of the NATURAL WELLNESS and MAXIMUM MILK THISTLE trademarks in interstate commerce, the trademarks have developed secondary meaning."

66.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "[d]ue to Counter-Claimant's expansive advertising campaign and other efforts, Counter-Claimant's trademarks are widely recognized by the general consuming public as a source of Counter-Claimant's goods and services. Counterclaimant's products are advertised and sold throughout the United States and internationally, and have been widely advertised and publicized by Counter-Claimant. As such, Counter-Claimant's trademarks are famous marks, and became famous before Counter-Defendant began selling or advertising its infringing products."

67.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that Counter-Defendant's conduct is causing, and is likely to continue to cause in the future, dilution by blurring and dilution by tarnishment of Counterclaimant famous marks, in violation of the Lanham Act, 15 U.S.C. § 1125(c).

68.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "[c]ounter-defendant's unauthorized and tortious conduct also has deprived and will continue to deprive J.R. Andorin of the ability to control the consumer perception of its goods marketed under J.R. Andorin's famous marks, placing the valuable reputation and goodwill of J.R. Andorin in the hands of Counter-Defendant, over whom J.R. Andorin has no control."

69.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that Counter-Defendant's reckless disregard for the confusion caused by its acts renders this case exceptional under 15 U.S.C. § 1117(a).

70.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "[a]s a result of Counter-Defendant's aforesaid conduct, Counter-Claimant has suffered substantial damage and irreparable harm constituting an

NWC's First Set of RPD
NWCA v. Andorin et al., C 11-04642 EDL                    Page 15                    Page 15 of 20
RPD 04-13-2012-2.wpd

injury for which Counter-Claimant has no adequate remedy at law. Unless this Court enjoins Counter-Defendant's conduct, Counter-Claimant will continue to suffer irreparable harm."

71.     Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "J.R. Andorin has owned a valid and protectable interest in its trademarks since before the acts of Counter-Defendant complained of herein. As a result of Counter-Claimant's continuous and extensive promotion and use of the trademarks in interstate commerce, J.R. Andorin's trademarks have developed secondary meaning."

72.     Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "[d]ue to Counter-Claimant's expansive advertising campaign and other efforts, Counter-Claimant's trademark is widely recognized throughout the United States by the general consuming public as a source of Counter-Claimant's goods. Counter-Claimant's products are advertised in California, throughout the United States and internationally, and have been widely advertised and publicized by Counter-Claimant. As such, Counter-Claimant's trademarks are famous, and became famous before Counter-Defendant began selling or advertising its infringing products."

73.     Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that Counter-Defendant's conduct is causing, and is likely to continue to cause in the future, injury to the business reputation of Counter-Claimant, and dilution of the distinctive quality of J.R. Andorin's trademarks in violation of Cal. Bus. & Prof. Code § 14330, *et. seq.*

74.     Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that Counter-Defendant's unauthorized and tortious conduct also has deprived and will continue to deprive J.R. Andorin of the ability to control the consumer perception of its goods marketed under J.R. Andorin's famous trademarks, placing the

valuable reputation and goodwill of J.R. Andorin in the hands of Counter-Defendant, over whom J.R. Andorin has no control.

75.   Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "[a]s a result of Counter-Defendant's aforesaid conduct, Counter-Claimant has suffered substantial damage and irreparable harm constituting an injury for which Counter-Claimant has no adequate remedy at law. Unless this Court enjoins Counter-Defendant's conduct, Counter-Claimant will continue to suffer irreparable harm."

76.   Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "Counter-Defendant's actions complained of herein constitute unfair trade practices in violation of Cal. Bus. & Prof. Code § 17200 in that they are likely to cause confusion or misunderstanding as to source, sponsorship of approval of Counter-Defendant's respective goods and services. Counterdefendant's deceptive conduct also creates a likelihood of confusion as to the affiliation, connection or association of its goods with J.R. Andorin's well-known products. Such confusion damages the goodwill associated with J.R. Andorin's trademarks and products."

77.   Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "Counter-Defendant had actual notice of J.R. Andorin's ownership of and rights in its trademarks before Counter-Defendant's first use of the same or confusingly similar marks to sell its products. Accordingly, Counter-Defendant has willfully engaged in deceptive trade practices in violation of California law."

78.   Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "[a]s a result of Counter-Defendant's willful and malicious conduct, Counter-Claimant is likely to suffer, and has in fact already suffered, actual injury in fact and irreparable harm for which Counter-Claimant has no adequate remedy at law.

NWC's First Set of RPD
NWCA v. Andorin et al., C 11-04642 EDL                    Page 17                    Page 17 of 20
RPD 04-13-2012-2.wpd

Unless this Court enjoins Counter-Defendant's conduct, Counter-Claimant will continue to suffer irreparable harm."

79.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that Counter-Defendant's uses of Counter-Claimant's trademarks have and will cause injury to Counter-Claimant's business reputation because persons encountering Counter-Defendant's products incorrectly believe that Counter-Defendant is affiliated with or related to or has the approval of Counter-Claimant, and any adverse reaction by the public to Counter-Defendant's quality of services has and will injure the business reputation of Counter-Claimant and the goodwill it enjoys in connection with its trademarks.

80.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "Counter-Defendant's use of Counter-Claimant's trademarks has caused and will continue to cause damage to Counter-Claimant, and is causing irreparable harm to Counter-Claimant for which there is no adequate remedy at law. Moreover, by reason of the foregoing, Counter-Claimant has suffered damages in amounts to be proven at trial."

81.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that Counter-Defendant's uses of Counter-Claimant's trademarks is such a colorable imitation and copy of Counter-Claimant's trademarks established in the relevant markets that Counter-Defendant's uses thereof are likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Counter-Defendant's products, or to deceive consumers as to the origin, sponsorship or approval of Counter-Defendant's products.

82.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that Counter-Defendant's uses of Counter-Claimant's

NWC's First Set of RPD
NWCA v. Andorin et al., C 11-04642 EDL                Page 18                                    Page 18 of 20
RPD 04-13-2012-2.wpd

trademarks therefore comprise a false description or representation of such products under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

83.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "[b]y reason of the foregoing, Counter-Claimant has and continues to suffer irreparable harm for which there is no adequate remedy at law. In addition, Counter-Claimant has suffered damages in amounts to be proven at trial."

84.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "NWCA has a bad faith intent to profit from the common law and registered trademarks of J.R. Andorin. NWCA has no rights in the domain name <natural-wellness.com>, which J.R. Andorin registered in August 1996. J.R. Andorin began selling nutritional supplements online prior to NWCA ever selling them online. NWCA did not register its confusingly similar domain name <naturalwellness.com> until September 1999, after J.R. Andorin was already selling nutritional supplements online. NWCA's diversion of J.R. Andorin's customers from its website to NWCA's website is evidence of its intent to trade off of the goodwill of J.R. Andorin's products and trademarks."

85.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that Counter-Defendant NWCA's conduct constitutes cyberpiracy under 15 U.S.C. §1125(c) and is causing, and is likely to continue to cause in the future, confusion, mistake or deception as to the affiliation, connection or association of Counter-Defendant with Counter-Claimant, and as to the origin, sponsorship or approval of Counter-Defendant and its goods and services.

86.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "[a]s a result of Counter-Defendant's aforesaid conduct, Counter-Claimant has suffered substantial damage and irreparable harm constituting an

NWC's First Set of RPD
NWCA v. Andorin et al., C 11-04642 EDL          Page 19          Page 19 of 20
RPD 04-13-2012-2.wpd

injury for which Counter-Claimant has no adequate remedy at law. Unless this Court enjoins Counter-Defendant's conduct, Counter-Claimant will continue to suffer irreparable harm as a result of NWCA's infringing conduct."

87.    Produce all documents, including electronic mail and other written correspondence, that evidence, reflect, or pertain to your claim that "[a]n actual controversy has arisen and now exists between Counter-Claimant J.R. Andorin, Inc. and Counter-Defendant Natural Wellness Centers of America, Inc. as to the rights and obligations of the parties with respect to the use of the NATURAL WELLNESS and MAXIMUM MILK THISTLE trademarks and similar marks and the ownership and use of similar domain names. A judicial declaration is necessary and appropriate at this time so that the parties may determine their rights and obligations with respect to the use of the trademarks and domain names and similar trademarks and domain names."

88.    Produce every document related to the selection, availability, adoption, creation, design, proposal to use, right to use, right to practice, trademark search, attempt to register, or registration of your trademarks Natural Wellness and Maximum Milk Thistle, including without limitation any minutes or notes from meetings in which the topic was discussed, report, survey, opinion of counsel, expert opinion, in-house analysis, business plan, investigation.

        Respectfully submitted,

                                        RAY K. SHAHANI
                                        ATTORNEY AT LAW

Dated:    April 13, 2012        By:        /s/ Ray K. Shahani
                                        Ray K. Shahani, Esq.
                                        **Attorney for NWC**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN MATEO

I am employed in the county of San Mateo, State of California. I am over the age of 18 and not a party to the within action; my business address is Twin Oaks Office Plaza, 477 Ninth Avenue, Suite 112, San Mateo, CA 94402-1854.

On ___**April 13, 2012**___, I served the foregoing document described as :

1.    NATURAL WELLNESS CENTERS OF AMERICA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO J. R. ANDORIN, INC.

on parties on the mailing list.

_____ by placing the true cop(ies) thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

__X__    **BY MAIL**
I deposited such envelope in the mail in San Mateo, California. The envelope was mailed with postage thereon fully prepaid.

_____    **BY ELECTRONIC MAIL**
I caused each document to be sent by Electronic Mail to the email address(es) indicated in the mailing list.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at SAN MATEO, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Mailing List:

| | |
|---|---|
| Attorney(s) for J.R. Andorin Inc.:<br>C. Todd Norris, Esq.<br>Bullivant Houser Bailey PC<br>601 California St., Suite 1800<br>San Francisco, CA 94108-2823<br>Tel: 415.352.2720, Fax: 415.352.2701<br>Email: Todd.Norris@bullivant.com | |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on ___April 13, 2012___, at San Mateo, California.

_____/Leo Lai/_____
LEO K. LAI

NWC v. J.R. Andorin Inc. et al., Case No.: C 11-04642 EDL                              Proof of Service

EXHIBIT D

Ray K. Shahani, Esq. SBN 160,814
Attorney at Law
Twin Oaks Office Plaza
477 Ninth Avenue, Suite 112
San Mateo, California 94402-1854
Telephone: (650) 348-1444
Facsimile: (650) 348-8655
E-mail: RKS@attycubed.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATURAL WELLNESS CENTERS OF AMERICA, INC., a California Corporation dba NATURAL WELLNESS CENTERS OF AMERICA and NATURALWELLNESS.COM<br><br>Plaintiff,<br><br>vs.<br><br>J.R. ANDORIN, INC., a New York Corporation d/b/a NATURAL WELLNESS and d/b/a/ NATURAL-WELLNESS.COM and d/b/a/ NATURALWELLNESSONLINE.COM, and DOES 1-10<br><br>Defendant.<br><br>J.R. ANDORIN, INC., a New York corporation,<br><br>Counter-Claimant,<br><br>vs.<br><br>NATURALWELLNESS CENTERS OF AMERICA, INC. a California corporation,<br><br>Counter-Defendant. | Case No: CV 11-04642 EDL<br><br>The Honorable Elizabeth D. Laporte<br><br>NATURAL WELLNESS CENTERS OF AMERICA, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO J. R. ANDORIN, INC.<br><br><u>Demand for Jury Trial</u><br><br>Original Complaint Filed on September 19, 2011 |

///

///

To ALL PARTIES:

PROPOUNDING PARTY:          NATURAL WELLNESS CENTERS OF AMERICA,

INC.(hereafter "NWC")

RESPONDING PARTY:           J.R. ANDORIN, INC. (hereafter Andorin)

SET NO.:                    ONE

Pursuant to the provisions of Rule 33 of the Federal Rules of Civil Procedure, Defendants hereby serve the following requests for admission on Plaintiff, to be answered under oath within 30 days of service hereof, in the form provided by law, the following requests for admission, the same being continuing in nature, requiring a supplemental response upon the discovery of other or further information or documents affecting your response hereto. If objection is made, please state the reason for the objection. Please specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.

DEFINITIONS:

(1)     Unless otherwise indicated, "you" and "your" shall refer to defendant and counter-claimant Andorin, its president, CEO and other senior management.

(2)     "Person" shall mean a natural person or an artificial person, including partnerships, corporations, proprietorships, unincorporated associations, governmental bodies or any other legally cognizable entities.

(3)     "Or" shall mean and/or.

(4)     "Complaint" shall mean the Complaint for trademark infringement and other claims filed by Plaintiff in this action.

## REQUESTS FOR ADMISSION

1.      Admit that Andorin does not have any trademark registration for any class of goods which includes health supplements.

2.      Admit that Andorin does not have any trademark registration for any class of goods which includes food supplements.

3.     Admit that Andorin does not have any trademark registration for any class of goods which includes nutritional supplements.

4.     Admit that Andorin does not have any trademark registration for any class of goods which includes products intended for human consumption.

5.     Admit that Andorin registered its domain name www.natural-wellness.com on August 7, 1996.

6.     Admit that NWC registered its domain name www.naturalwellness.com on September 15, 1999.

7.     Admit that the WHOIS database maintained by Network Solutions, Inc., located online at http://www.networksolutions.com/whois indicates that the current record for domain name www.naturalwellness.com was created on September 15, 1999.

8.     Admit that Andorin could have registered the domain name www.naturalwellness.com at anytime between June 10, 1996 and September 14, 1999.

9.     Admit that Andorin did not advertise health supplements online between September 15, 1999 and January 1, 2002.

10.     Admit that Andorin did not advertise health supplements online prior to January 1, 2002.

11.     Admit that Andorin did not sell health and nutritional supplements online prior to January 1, 2002.

NWC's First Set of RFA
NWCA v. Andorin et al., C 11-04642 EDL            Page 3            Page 3 of 7
RFA 04-13-2012-2.wpd

12.    Admit that NWC initiated the first communication directly between NWC and Andorin in 2006.

13.    Admit that on April 5, 2006, NWC called Andorin regarding an email addressed rterrero@natural-wellness.com which NWC stated it was trying to forward.

14.    Admit that Andorin never initiated any communications directly with NWC in 2006.

15.    Admit that Andorin never responded to any communications directly from NWC in 2006.

16.    Admit that Andorin never responded to the April 5, 2006 communication from NWC.

17.    Admit that Andorin never communicated directly with NWC prior to July 18, 2011.

18.    Admit that Andorin never communicated directly with NWC prior to July 18, 2011.

19.    Admit that Andorin never offered to purchase the domain name www.naturalwellness.com from NWC prior to July 18, 2011.

20.    Admit that Andorin never sent NWC a notice of trademark infringement prior to July 18, 2011.

21.    Admit that Andorin never sent NWC a cease and desist letter prior to July 18, 2011.

22.    Admit that Andorin has continuously promoted and sold nutritional and health supplements throughout the United States.

NWC's First Set of RFA
NWCA v. Andorin et al., C 11-04642 EDL                    Page 4                    Page 4 of 7
RFA 04-13-2012-2.wpd

23.     Admit that Andorin's nutritional or health supplements sold on August 6, 1999 was not advertised on the internet.

24.     Admit that Andorin's sale of nutritional or health supplements dated August 6, 1999 was not placed over the internet.

25.     Admit that Andorin's sale of nutritional or health supplements dated August 6, 1999 was not processed over the internet.

26.     Admit that Andorin did not sell its health and nutritional supplements to customers in California prior to 2002.

27.     Admit that Andorin did not advertise its health and nutritional supplements to customers in California prior to 2002.

28.     Admit that Andorin has sold its health and nutritional supplements to customers in California since at least as early as 2002.

29.     Admit that Andorin has advertised its health and nutritional supplements to customers in California since at least as early as 2002.

30.     Admit that Andorin currently advertises its health and nutritional supplements to customers in California.

31.     Admit that Andorin has never enforced its trademark Natural Wellness prior to the present lawsuit.

32.     Admit that Andorin has never enforced its trademark Maximum Milk Thistle prior to

NWC's First Set of RFA
NWCA v. Andorin et al., C 11-04642 EDL                Page 5                Page 5 of 7
RFA 04-13-2012-2.wpd

the present lawsuit.

33.     Admit that Natwell, Inc. has the right to retain its registered trademark "Natural Wellness".

34.     Admit that Natwell, Inc. has the right to use the name "Natural Wellness" for the rendering of massage services.

35.     Admit that Natwell, Inc. has the right to use the name "Natural Wellness" for the rendering of physical therapy.

36.     Admit that Natwell, Inc. has the right to use the name "Natural Wellness" for the rendering of hypnotherapy.

37.     Admit that Natwell, Inc. has the right to use the name "Natural Wellness" for the rendering of natural health counseling on therapies such as vitamins, minerals, nutritional supplements, non-conventional medicine regarding massage and bodywork treatments, oriental medicine, biofeedback, meditation and visualization.

38.     Admit that Natwell, Inc. has the right to use the name "Natural Wellness" for the rendering of psychological counseling services.

39.     Admit that Natwell, Inc. has the right to use the name "Natural Wellness" for the rendering of health spa services for health and wellness of the body and spirit offered at health resort.

40.     Admit that NWC removed the reference to Maximum Milk Thistle on its website within 24 hours of receiving notice from Andorin.

41.    Admit that a "Google search" of the term "maximum milk thistle" returns a search report of over 8,800 results.

42.    Admit that Andorin has not authorized use of the expression "maximum milk thistle" in each of the 8,800 results identified in Request 33 above.

43.    Admit that Andorin has not authorized use of the expression "maximum milk thistle" in thousands of the results identified in Request 42 above.

44.    Admit that Andorin has not authorized use of the expression "maximum milk thistle" by any other manufacturer of liver product.

45.    Admit that Natwell, Inc., has given written authorization and approval for NWC to continue to use their domain names and trademarks including, without limitation, "www.NaturalWellness.com" and "Natural Wellness Centers of America".

    Respectfully submitted,


                                        RAY K. SHAHANI
                                        ATTORNEY AT LAW

Dated:    April 13, 2012        By:        /s/ Ray K. Shahani
                                        Ray K. Shahani, Esq.
                                        **Attorney for NWC**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN MATEO

I am employed in the county of San Mateo, State of California. I am over the age of 18 and not a party to the within action; my business address is Twin Oaks Office Plaza, 477 Ninth Avenue, Suite 112, San Mateo, CA 94402-1854.

On __**April 13, 2012**__ , I served the foregoing document described as :

1.    NATURAL WELLNESS CENTERS OF AMERICA, INC.'S FIRST SET OF REQUESTS FOR ADMISSION TO J. R. ANDORIN, INC.

on parties on the mailing list.

_____ by placing the true cop(ies) thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

__X__    **BY MAIL**
I deposited such envelope in the mail in San Mateo, California. The envelope was mailed with postage thereon fully prepaid.

_____    **BY ELECTRONIC MAIL**
I caused each document to be sent by Electronic Mail to the email address(es) indicated in the mailing list.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with U.S. Postal Service on that same day with postage thereon fully prepaid at SAN MATEO, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Mailing List:

| Attorney(s) for J.R. Andorin Inc.: C. Todd Norris, Esq. Bullivant Houser Bailey PC 601 California St., Suite 1800 San Francisco, CA 94108-2823 Tel: 415.352.2720, Fax: 415.352.2701 Email: Todd.Norris@bullivant.com | |

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on __April 13, 2012__ , at San Mateo, California.

/Leo Lai/
LEO K. LAI

EXHIBIT E

**Richman, Ron**

| | |
|---|---|
| **From:** | Ray Shahani [rks@attycubed.com] |
| **Sent:** | Friday, April 20, 2012 8:39 AM |
| **To:** | Norris, Todd |
| **Cc:** | rmorton@hbblaw.com; Richman, Ron; lkl@attycubed.com |
| **Subject:** | BREACH OF SETTLEMENT AGREEMENT        Re: CHANGES TO TRANSITION PERIOD SETTLEMENT OFFER NWC v. Andorin |

Todd,

I believe your client agreed to the terms, but you changed your mind. Well, unfortunately, we had a settlement agreement between the parties which I intend to enforce. If we can't work through the "keywords" issues, which apparently is the biggest knot in hour knickers, I'll file a motion to amend the Complaint to add the allegation of breach of settlement agreement and you can explain why your clients reneged. (If you want the authority, let me know, I've just prevailed in a matter where this was the issue so I'm pretty confident you'll lose this one.)

**REDACTED**

Ray

Norris, Todd wrote:

Ray - please be advised that if NWCA files any response to the J.R. Andorin's counter claims other than a duly authorized response under the code, J.R Andorin will move to strike and will seek costs and fees for having to do so.

Todd

--

CONFIDENTIAL Attorney-Client/Attorney Work Product Privileged Document

Ray K. Shahani, Esq.
Attorney At Law

Registered Patent Attorney - Technology and Intellectual Property Matters
                    http://www.attycubed.com

Twin Oaks Office Plaza              Telephone: (650) 348-1444
477 Ninth Avenue, Suite 112         Facsimile: (650) 348-8655
San Mateo, California  94402-1854   e-mail: rks@attycubed.com

1

EXHIBIT F

## Richman, Ron

| | |
|---|---|
| **From:** | Ray K. Shahani, Esq. [rks@attycubed.com] |
| **Sent:** | Tuesday, May 01, 2012 6:21 PM |
| **To:** | Norris, Todd |
| **Cc:** | Richard E. Morton, Esq.; Richman, Ron; Leo Lai |
| **Subject:** | SETTLEMENT TERMS          NWC v. Andorin |

Todd,

    I'm glad to find the proposed settlement agreement you sent me is pretty close to what we had agreed upon in principle, and I'm trying to determine if there are any other issues we need to address. I have 3
questions:

REDACTED

Ray

--

CONFIDENTIAL Attorney-Client/Attorney Work Product Privileged Document

Ray K. Shahani, Esq.
Attorney At Law

Registered Patent Attorney - Technology and Intellectual Property Matters
                    http://www.attycubed.com

Twin Oaks Office Plaza          Telephone: (650) 348-1444
477 Ninth Avenue, Suite 112     Facsimile: (650) 348-8655
San Mateo, California  94402-1854     e-mail: rks@attycubed.com

1