Laurence D. King (SBN 206423)
Kathleen A. Herkenhoff (SBN 168562)
Blair E. Reed (SBN 316791)
KAPLAN FOX & KILSHEIMER LLP
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:  415-772-4700
Facsimile:   415-772-4707
Emails: *lking@kaplanfox.com*
       *kherkenhoff@kaplanfox.com*
       *breed@kaplanfox.com*

[Additional Counsel on Signature Page]

*Lead Counsel for Stadium Capital LLC and the
Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ASIF MEHEDI, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> VIEW, INC. f/k/a CF FINANCE ACQUISITION CORP. II, RAO MULPURI, and VIDUL PRAKASH, <br><br> Defendants. | Case No.: 5:21-cv-06374-BLF <br><br> **<u>CLASS ACTION</u>** <br><br> **LEAD PLAINTIFF STADIUM CAPITAL LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF SWETA SONTHALIA FOR STAY OF PROCEEDINGS PENDING DISPOSITION OF WRIT OF MANDAMUS** <br><br> Judge:  Hon. Beth L. Freeman <br> Courtroom:  3, 5th Floor <br> Date:  June 16, 2022 <br> Time:  9:00 a.m. |

## I.      PRELIMINARY STATEMENT

After losing a bid to have this Court grant reconsideration and appoint Sweta Sonthalia ("Sonthalia") as the Lead Plaintiff, Sonthalia now files a Motion to Stay (the "Motion" or ECF No. 77) to delay the above captioned securities class action (the "Action").  The stay is sought ostensibly to permit Sonthalia time to obtain an order from the Ninth Circuit Court of Appeals (the "Ninth Circuit") vacating the Court's well-reasoned decision appointing, and subsequent decision reaffirming, Stadium Capital LLC ("Stadium Capital") as the Lead Plaintiff in the Action pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  *See* ECF No. 67 (the "Lead Plaintiff Order") and ECF No. 76 (the "Reconsideration Order").[1]

Sonthalia's second attempt to unseat Stadium Capital is set forth in the March 14, 2022 Petition for Writ of Mandamus (the "Writ") Sonthalia filed with the Ninth Circuit.  As of the submission of this brief, the Ninth Circuit has not issued an order requiring either this Court's or Stadium Capital's response to the Writ.  Nonetheless, Sonthalia's Motion brashly asserts that the Ninth Circuit "would find" that this Court "erred" and would "direct the Court to appoint Ms. Sonthalia in its stead[]" because, as Sonthalia posits, the Court applied the wrong methodology to calculate the "largest financial interest" pursuant to the PSLRA.  ECF No. 77 at 1.

As an initial matter, writs of mandamus are an extraordinary remedy, and are rarely accepted for review.  *In re Bridgestone Investment Corporation Limited*, 789 Fed. Appx. 12, 14 (9th Cir. 2019) (denying mandamus petition to challenge PSLRA lead plaintiff appointment and noting that "'[m]andamus is an extraordinary remedy' . . . and 'only exceptional circumstances amounting to a judicial 'usurpation of power' will justify [its] invocation.'").[2]  As set forth herein, the Court committed no error in appointing Stadium Capital as the Lead Plaintiff, and Sonthalia has no basis for her Writ, much less a plausible chance of having the Writ granted.

Critically, Sonthalia has not met her burden to justify a stay of this Action, particularly based on her Writ.  As this Court noted in *Equal Employment Opportunity Commission v. Peters'*

---

[1] ECF No. 67 is the February 8, 2022 Order Appointing Lead Plaintiff and Lead Counsel in the Action (the "Lead Order").  ECF No. 76 is the February 23, 2022 Order Denying Motion for Leave to File Motion for Reconsideration of Order Appointing Lead Plaintiff and Approving Selection of Counsel in the Action (the "Reconsideration Order").

[2] Unless otherwise stated herein, all emphasis is added and footnotes and quotations omitted.

LEAD PLAINTIFF STADIUM CAPITAL LLC'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF SWETA SONTHALIA FOR STAY OF PROCEEDINGS PENDING DISPOSITION OF WRIT OF MANDAMUS

*Bakery*, Case No. 13-cv-04507-BLF, 2015 WL 13358147, at \*2 (N.D. Cal. Mar. 4, 2015), "stay[ing] an] action indefinitely pending a decision from the Ninth Circuit on . . . [a] mandamus petition" is "extremely prejudicial".[3]   *See also id.* at \*1 (noting the "extraordinarily high standard for mandamus").  Thus, a party seeking a stay **must** satisfy the standard for a preliminary injunction, establishing that they are "likely to succeed on the merits, that [they] are likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in [their] favor, and that a stay is in the public interest."  *Id.* at \*1.  Sonthalia's Motion fails to make, much less address, this required showing.  *See* ECF No. 77 at 3 (making only passing reference to pushing a "reset" button and other vague assertions of harm).  For these reasons alone, as well as the unsound basis on which the Writ is premised, the Motion should be denied outright.

Indeed, the Writ is falsely premised on the assumption that the Court applied an incorrect methodology to determine the "largest financial interest" in connection with appointing Stadium Capital as the Lead Plaintiff.  As Sonthalia conveniently ignores in the Motion, in analyzing which competing lead plaintiff movant has the greatest financial interest or "loss", the Ninth Circuit has not adopted a specific formula to calculate losses.  *See* ECF No 67 at 6.  Instead, the Ninth Circuit's guidance to district courts is that they "may select accounting methods that are both rational and consistently applied." *In re Cavanaugh*, 306 F.3d 726, 730, n.4 (9th Cir. 2002).  *See also Perlmutter v. Intuitive Surgical, Inc.*, No. 10-CV-03451-LHK, 2011 WL 566814, at \*3 (N.D. Cal. Feb. 15, 2011).  As this Court previously explained, **twice**, the "recoverable loss" theory – one endorsed in a prior case before this same Court by Sonthalia's **own** counsel – is the "superior method" here. ECF No. 67 (Lead Plaintiff Order) at 14.  *See also* ECF No. 76 (Reconsideration Order) at 2 (finding that "using the price of View stock just before the Corrective Disclosure provided for a better recoverable loss metric.").[4]

---

[3] While in *Peters' Bakery*, 2015 WL 13358147, the Court appears to have linked the prejudice, in part, to the disruption of the deposition schedule, Lead Plaintiff faces prejudice in "obtaining timely justice" (*id.* at 2), particularly here where the Company has been untimely on its filings with the Securities and Exchange Commission and is facing a potential NASDAQ de-listing proceeding. https://www.sec.gov/Archives/edgar/data/1811856/000119312522086659/d306862dex991.htm (last visited March 31, 2022).

[4] As detailed in ECF No. 46 at 4 and ECF No. 49 at 2, it was Sonthalia's own counsel, Roche Freedman LLP, that proposed the recoverable loss method for use by this Court in *Hurst v. Enphase*

LEAD PLAINTIFF STADIUM CAPITAL LLC'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF SWETA SONTHALIA FOR STAY OF PROCEEDINGS PENDING DISPOSITION OF WRIT OF MANDAMUS

Sonthalia's arguments that other district courts within the Ninth Circuit may have used other methods in other cases is irrelevant. The Court considered those cases and rejected the approach therein, in its discretion and based on the facts of the present Action. *See e.g.* ECF No. 76 (Reconsideration Order) at 2. Ultimately, the Court had discretion to use a "rational and consistently applied" methodology (*see e.g. Cavanaugh*, 306 F.3d at 730, n.4), and ironically used the method – the recoverable loss method – that Sonthalia's counsel urged this same Court to use in another case. *See supra* n.4. More importantly, however, the Ninth Circuit has provided District Courts with discretion, and in fact, other district courts have used the same methodology. *See id.*

Finally, this Court has set a case schedule. *See* ECF No. 73 (the "Schedule"). Pursuant to the Schedule, the amended complaint is due to be filed April 19, 2022. There is no basis to stay this Action and prevent the Lead Plaintiff from taking any steps deemed appropriate to continue to litigate claims on behalf the proposed class.

## II.     STATEMENT OF ISSUES TO BE DECIDED

1.     Whether there is a basis to stay the Action pending the outcome of the Writ given that a writ of mandamus is an extraordinary proceeding and that petitions are rarely granted?

2.     Whether there is a basis to stay the Action pending the outcome of the Writ given that Sonthalia has not, and cannot, make a showing of likely success on the merits given that the Court did not err in appointing Stadium Capital as the Lead Plaintiff?

3.     Whether there is a basis to stay the Action pending the outcome of the Writ given that Sonthalia has failed to make any of the required showings for a stay, including those set forth in this Court's decision in *Peters' Bakery,*

---

*Energy, Inc.*, No. 20-CV-04036-BLF, 2020 WL 7025085, at *4 (N.D. Cal. Nov. 30, 2020). Indeed, in ECF No. 46 (Stadium Capital's opposition to Sonthalia's lead plaintiff motion) Stadium Capital set out additional, representative cases where the "recoverable loss method" was applied and why the method's application herein is the most consistent with *Cavanaugh*, 306 F.3d at 730 & n.4, and *Dura Pharma., Inc. v. Broudo*, 544 U.S. 336, 342 (2005).

- 3 -

Case No. 5:21-cv-06374-BLF

LEAD PLAINTIFF STADIUM CAPITAL LLC'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF SWETA SONTHALIA FOR STAY OF PROCEEDINGS PENDING DISPOSITION OF WRIT OF MANDAMUS

2015 WL 13358147, and cannot make a belated attempt at such a showing for the first time on reply?

## III.  ARGUMENT

Sonthalia seeks to stay the orderly progress of this Action in a bid to unseat the Court's appointed Lead Plaintiff, a particularly egregious effort given that Sonthalia again misrepresents the record of the Court's evaluation of purchase price information in the Motion.  As set forth herein, because Sonthalia has no basis for the Writ, there are no grounds to stay the Action and no showing of any harm (much less irreparable harm) to Sonthalia if a stay is denied.  Indeed, "[a] stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 427 (2009) (citation and internal quotation marks omitted). The party seeking a stay bears the burden of justifying the exercise of that discretion. *Id*. at 433–34.[5]

### 1.  Sonthalia Fails To Meet The Burden To Obtain A Stay

Specifically, "[a] party seeking a stay must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of relief, that the balance of equities tip in his favor, and that a stay is in the public interest." *Humane Soc. of U.S. v. Gutierrez*, 558 F.3d 896, 896 (9th Cir. 2009). The first two factors of this standard "are the most critical." *Nken*, 556 U.S. at 434.[6]

In following *Nken*, this Court emphasized that "[i]t is not enough that the chance of success on the merits be better than negligible." *Peters' Bakery*, 2015 WL 13358147, at *1 (*quoting Nken*, 556 U.S. at 434).  As detailed herein, Sonthalia has not demonstrated any chance of success on the merits or any showing of irreparable harm.[7]  Moreover, even if Sonthalia were able to make the required showing of likely success on the merits or irreparable harm, she would still need to

---

[5] Indeed, it is "an exercise of judicial discretion," and "the propriety of its issue is dependent upon the circumstances of the particular case." *Id*. at 433 (citation and internal quotation and alteration marks omitted).

[6] This Court cites *Gutierrez*, 558 F.3d 896, and *Nken*, 556 U.S. 418, in its decision denying a stay in *Peters' Bakery*, 2015 WL 13358147, at *1.

[7] Sonthalia's irreparable harm argument is, at best, the possibility of Stadium Capital filing its complaint on April 19, 2022.  Her argument presumes that complaint would be insufficient, and overlooks the fact that the Court will be able to fashion a remedy, whether through leave to amend or otherwise, to permit Sonthalia her opportunity to plead the same claims.

- 4 -

establish that the "balance of equities" is in her favor and that the stay is in the "public interest." *Id*. No such showing has, or can be, made.[8]

Sonthalia has not met her burden to show that she "is likely to succeed on the merits of [her] mandamus petition or that there are substantial questions going to the merits." *Powertech Tech. Inc. v. Tessera, Inc.*, No. C 11-6121 CW, 2013 WL 1164966, at *1 (N.D. Cal. Mar. 20, 2013); *see also Friends of Earth v. Sanderson Farms, Inc.*, No. 17-CV-03592-RS, 2019 WL 330905, at *2 (N.D. Cal. Jan. 25, 2019) (same). The factual and legal underpinnings of the Lead Plaintiff Order and Reconsideration Order set Sonthalia's attack far afield from the limited actions in which the Ninth Circuit has granted writs, none of which Sonthalia addresses in her Motion.

First and foremost, the Ninth Circuit has not adopted a specific formula to calculate losses. *See* ECF No 67 at 6. Instead, the Ninth Circuit's guidance to district courts is that they "may select accounting methods that are both rational and consistently applied." *Cavanaugh*, 306 F.3d at 730, n.4; *Perlmutter,* 2011 WL 566814, at *3. The Court was painstaking in evaluating all loss calculations presented by Sonthalia and Stadium Capital, and based on the facts of this Action, applied the recoverable loss method – the very method that Sonthalia's counsel asked the Court to adopt in *Enphase*, 2020 WL 7025085, at *4.

Second, in utilizing the recoverable loss method, the Court did not fail to consider purchase price, the main component of Sonthalia's claim of error. In setting forth this argument, Sonthalia repeatedly misstates the record. For example, Sonthalia cites the Court as using a methodology "render[ing] the movants' purchase prices **irrelevant** to their claimed **damages.**" (Motion at 3, citing ECF No. 67 at 11) (emphasis added). The cited page of ECF No. 67 does not contain a statement that purchase price is not "relevant" to "damages". A similar misstatement is in the Motion at 2. There Sonthalia wrongly asserts that the Court used a "purchase-price-irrelevant methodology", citing pages 14-15 of ECF No. 67. That language does not appear on those pages,

---

[8] As explained in *Peters' Bakery*, 2015 WL 13358147, at *1, the Ninth Circuit also employs an alternative to this standard, which requires the moving party to demonstrate that "'serious questions going to the merits were raised and the balance of hardships tips sharply in [] favor [of the party requesting a stay],' provided that the irreparable harm and public interest factors are also satisfied." *Id*. at *1 (quoting *Alliance for the Wild Rockies v. Cottrell*, 622 F.3d 1045, 1053 (9th Cir. 2010) (brackets in original). Sonthalia fails this alternative test for the same reasons set forth herein.

LEAD PLAINTIFF STADIUM CAPITAL LLC'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF SWETA SONTHALIA FOR STAY OF PROCEEDINGS PENDING DISPOSITION OF WRIT OF MANDAMUS

and the cavalier reference shows a lack of deference to the Court's careful analysis and demonstrates Sonthalia's attempt to manufacture an error where none exists.  In fact, in the Reconsideration Order (ECF No. 76 at 2-3), the Court corrected —**more than once**- Sonthalia's claim that it did not consider purchase price.  Overall, the record demonstrates that the Court expended additional time evaluating multiple methods for determining the largest "loss" or "financial interest", including in seeking the joint submission contained in ECF No. 61, that was discussed extensively at the hearing on the competing lead plaintiff motions.

As a result of the inability to demonstrate any error by the Court, Sonthalia has not met her burden of likely success on the merits.  *See Lopez v. Pama Mgmt., Inc.*, No. 2:16-CV-9390-ODW-JCX, 2017 WL 4685009, at *4 (C.D. Cal. Oct. 17, 2017) ("In any event, the Court would not look favorably on a request for a stay, given that Defendants would have to show likelihood of success on their Petition for Writ of Mandamus, which would be difficult to do given that it is a discretionary, drastic remedy.") (citing *Cole v. U.S. Dist. Court for D.C.,* 542 U.S. 367, 379 (2004)); *see also Louen v. Twedt*, CV-F-04-6556 OWW SMS, 2006 U.S Dist. LEXIS 58987, at *9 (E.D. Cal. Aug. 10, 2006) ("Because mandamus petitions are only granted in exceptional circumstances, 'the Federal Rules of Civil Procedure do not provide for an automatic stay of district court proceedings while a petition for writ of mandamus is pending.'").

Nor do the balance of hardships tip in Sonthalia's favor.  It is Stadium Capital and the proposed Class that are harmed by continued delay.  Stadium Capital's counsel have been preparing an amended complaint, which is currently due to be filed on April 19, 2022 pursuant to the Schedule.[9]  As the Court is aware, often in PSLRA actions, the Lead Plaintiff may determine to seek leave to issue document preservation subpoenas or may need to respond to unexpected activities of the Defendants.  There is no basis to permit this Action to stagnate on the speculation

---

[9] While the submission of that amended complaint may be extended due to the slight delay View recently announced as to the submission of its restatement (originally to be done by March 31, 2022 and now continued to approximately May 2022), a stay tying Lead Plaintiffs' hands from taking steps to litigate the Action is inappropriate.

LEAD PLAINTIFF STADIUM CAPITAL LLC'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF SWETA SONTHALIA FOR STAY OF PROCEEDINGS PENDING DISPOSITION OF WRIT OF MANDAMUS

that the Writ will be granted at some unspecified time, particularly given the inability of Sonthalia to demonstrate that the Court erred in either the Lead Plaintiff Order or the Reconsideration Order.[10]

Given the Writ's extremely low probability of success, staying the Action would do nothing except delay the orderly progress of justice, which is contrary to the interest of the proposed Class. No "public interest" is served in permitting Sonthalia from delaying this Action further. *See Peters' Bakery*, 2015 WL 13358147, at \*1 (setting out that the stay movant must establish that the stay is in the public interest, among several other factors).

### 2.      Sonthalia Fails To Cite Authority Supporting Her Stay Motion

Finally, the handful of slip opinions or decisions cited by Sonthalia do not support her argument.  First, Sonthalia cites *Borteanu v. Nikola Corp. et al.*, No. 2:20- cv-01797-SPL (D. Ariz. Mar. 2, 2021) (ECF No. 68) as an example of a district court granting a motion to stay proceedings pending the resolution of a writ of mandamus challenging a lead plaintiff order.[11]  There, however, ***the parties stipulated to stay the action*** while the Ninth Circuit considered the petition for writ of mandamus.  *Id.*  Here, no such stipulation exists, and Lead Plaintiff ***opposes*** the Motion.

Similarly, Sonthalia characterizes *In re Tesla, Inc. Sec. Litig.*, No. 18-cv-04865-EMC (N.D. Cal. Apr. 15, 2019) (ECF No. 211) (Ngo Decl. Ex. C) as an order granting a motion to stay pending resolution of a writ of mandamus challenging a lead plaintiff order.  Sonthalia fails to note, however, that in that action, the Defendants filed a motion for relief from the case schedule pending mandamus proceedings before the Ninth Circuit, and the lead plaintiff movant also filed a similar motion to stay proceedings.  Although the appointed Lead Plaintiff "disagree[d]" that deferring the schedule was necessary and "declined to stipulate to the requested relief", the Lead Plaintiff therein did not file an opposition to Defendants' motion.  *See id.*, *In re Tesla, Inc. Sec. Litig.*, No. 18-cv-04865-EMC (N.D. Cal.) at ECF No. 199.  Indeed, in subsequently granting the motion to stay

---

[10] Sonthalia argues that "[t]he prospect that the Ninth Circuit may order additional briefing of the Mandamus Petition, hear oral arguments, and/or vacate the Lead Plaintiff and Reconsideration Orders further justifies the requested stay of proceedings."  ECF No. 76 at 4.  Sonthalia's speculation about what the Ninth Circuit may do in response to the Writ, and her general unwillingness to accept this Court's Lead Plaintiff Order or Reconsideration Order (in which the Court had to note that Sonthalia had misstated the Court's decision and findings) do not justify the requested stay of proceedings.

[11] *See* Exhibit B to the Declaration of Ivy T. Ngo in Support of Motion of Sweta Sonthalia for Stay of Proceedings Pending Disposition of Writ of Mandamus (the "Ngo Decl.").

proceedings, the *Tesla* court noted that "[n]o party substantively opposed the motion" and that the appointed lead plaintiff took the position that the "Motion to Stay Proceedings, which sought identical relief [to the motion for relief from the case schedule], [was] moot."). Ngo Decl. Ex. C (ECF No. 211).[12]

## IV.    CONCLUSION

For the foregoing reasons, Stadium Capital respectfully requests that the Court deny the Motion.

Respectfully submitted,

**KAPLAN FOX & KILSHEIMER LLP**

DATED: March 31, 2022                    By:   /s/   *Laurence D. King*
                                               Laurence D. King

Laurence D. King (SBN 206423)
Kathleen A. Herkenhoff (SBN 168562)
Blair E. Reed (SBN 316971)
1999 Harrison Street, Suite 1560
Oakland, CA 94612
Telephone:  415-772-4700
Facsimile:   415-772-4707
*lking@kaplanfox.com*
*kherkenhoff@kaplanfox.com*
*breed@kaplanfox.com*

---

[12] Curiously, Sonthalia cites the docket in *Bridgestone Inv. Corp. v. USDC-CASF*, No. 19-cv-70031 (9th Cir. 2019) (Ngo. Decl. at Ex. D), but not the ultimate decision denying the writ petition. *See Bridgestone Investment Corporation Limited*, 789 Fed. Appx. at 14 (denying mandamus petition to challenge PSLRA lead plaintiff appointment). Similarly, Sonthalia cites the docket in *In re Mersho*, 6 F.4th 891 (9th Cir. 2021) (Ngo Decl., Ex. D), but avoids addressing the distinction between the writ granted therein, where the district court declined to appoint a particular set of stockholders as lead plaintiff given that it had "misgivings" about the group's "cohesion and ability to control counsel." *In re Mersho*, 6 F.4th 891, 900-902 (9th Cir. 2021). The point being that Sonthalia's counsel is well aware that in the scant instances where writs of mandamus seeking review of lead plaintiff decisions in the Ninth Circuit have proceeded to decision, those cases had extreme factual underpinnings wherein the subject district courts overtly misapplied the PSLRA. Here, neither the PSLRA nor the Ninth Circuit require a particular method for the district court to determine the "largest financial interest", and there is no showing of error by the Court.

**KAPLAN FOX & KILSHEIMER LLP**
Frederic S. Fox (admitted *pro hac vice*)
Donald R. Hall (*pro hac vice* to be filed)
Jason A. Uris (admitted *pro hac vice*)
850 Third Avenue
New York, NY 10022
Telephone:  212-687-1980
Facsimile:  212-687-7714
*ffox@kaplanfox.com*
*dhall@kaplanfox.com*
*juris@kaplanfox.com*

*Lead Counsel for Stadium Capital LLC and the Proposed Class*

Case No. 5:21-cv-06374-BLF
LEAD PLAINTIFF STADIUM CAPITAL LLC'S MEMO OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF SWETA SONTHALIA FOR STAY OF PROCEEDINGS PENDING DISPOSITION OF WRIT OF MANDAMUS