UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re:  SWETA SONTHALIA. <br><br> ─────────────────────── <br><br> SWETA SONTHALIA, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE, <br><br> Respondent, <br><br> VIEW, INC.; et al.; <br><br> Real Parties in Interest. | No.    22-70044 <br><br> D.C. No. 5:21-cv-06374-BLF Northern District of California, San Jose <br><br> THE DISTRICT COURT'S RESPONSE |

I thank the Court for its invitation to respond to Sweta Sonthalia's petition for a writ of mandamus.  While I believe my Orders speak for themselves, I have some brief comments.

My Order appointing Stadium Capital LLC ("Stadium") as Lead Plaintiff represents my effort to apply the Court's guidance in *In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002) and the Supreme Court's guidance in *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336 (2005).  In *Cavanaugh*, the Court indicated that district courts may calculate a potential lead plaintiff's financial

interest in the litigation through accounting methods that are "rational and consistently applied." *Cavanaugh*, 206 F.3d at 730 n.4. As I explained in my Order appointing Stadium as Lead Plaintiff, I believe that my approach meets the *Cavanaugh* requirements. In *Dura*, the Supreme Court stated that if a purchaser of stock "sells the shares quickly before the relevant truth begins to leak out, the misrepresentation will not have led to any loss." *Dura*, 544 U.S. at 342. Further, the Supreme Court generally warned courts that a lower stock price might reflect "changed economic circumstances" unrelated to the fraud, and that "the longer the time between purchase and sale . . . the more likely that other factors caused the loss." *Id.* at 342–43. I believe my Order appointing Stadium as Lead Plaintiff is consistent with the principles outlined in *Dura*, since I chose an accounting approach for calculating loss in an attempt to disregard pre-corrective disclosure fluctuations caused by factors other than the alleged fraud.

Further, I note that one of the arguments in Ms. Sonthalia's mandamus petition—that the loss accounting approach I used (and Stadium proposed in its briefing) involved improper factual findings at the pleading stage as to loss causation—was not discussed at the hearing or addressed in Ms. Sonthalia's briefing before me on the motions to appoint lead plaintiff. Even if such an argument had appeared in Ms. Sonthalia's briefing, it would not have changed my ruling. In choosing the loss accounting approach I used, I did not make any factual

findings—rather, I applied an accounting approach in an attempt to approximate recoverable losses as accurately as possible at the Lead Plaintiff appointment stage. My Lead Plaintiff Order has no bearing or admissibility as to loss causation at any later stage of the case.

Dated: April 25, 2022

_____
BETH LABSON FREEMAN
United States District Judge